TOWN OF FARMINGTON *v.* KEVIN V. DOWLING
(8736)

O'CONNELL, FOTI and CRETELLA, Js.

Argued June 12—decision released August 7, 1990

*Victor J. Dowling,* for the appellant (defendant).

*Gregory T. D'Auria,* with whom was *Charles L. Howard,* for the appellee (plaintiff).

O'CONNELL, J. This is an action for back taxes in which the defendant filed a counterclaim alleging an illegal taking of the taxed land by the plaintiff town several years after the tax debt accrued. The plaintiff moved to strike the counterclaim on the ground that it did not arise out of the same transaction that was the subject of the complaint. Practice Book § 116. The defendant failed to file an opposition memorandum five days before the hearing date, arriving instead at the oral argument with his opposition brief in hand.

The trial court ruled that the five day prior filing requirement of Practice Book § 155 applied to motions to strike counterclaims as well as to motions to strike complaints and thus the defendant had consented to the striking by failing to file his opposition memorandum in a timely manner. *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986).[1] Accordingly, the court granted the plaintiff's motion to strike the counterclaim and the defendant appealed.

This case presents the question of whether there is an irreconcilable conflict between §§ 155 and 204 of the Practice Book. We answer this question in the negative.

Practice Book § 204, referring to several specifically enumerated motions, including a motion to strike, provides that the nonmoving party may file a brief at *any*

---

[1] Practice Book § 155 was amended on June 16, 1989, and deleted the following language from its text: "An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion." This amendment became effective on October 1, 1989, and, therefore, does not effect the defendant's counterclaim which was struck on September 12, 1988.

time before the matter appears on the short calendar.[2] Section 155 requires that any party objecting to a motion to strike shall file his brief *five days before* the date the motion appears on the short calendar.[3]

The rules of statutory construction apply to the rules of practice. *State* v. *Schaeffer,* 5 Conn. App. 378, 384, 498 A.2d 134 (1985). Section 204 regulates several motions, only one of which is a motion to strike, whereas § 155 exclusively addresses motions to strike. "A statutory provision that articulates with greater specificity the resolution of a particular controversy is presumed to prevail over a more general provision." *State* v. *Daniels,* 207 Conn. 374, 393, 542 A.2d 306 (1988). Furthermore, the rules of practice were promulgated to create one harmonious and consistent body of law. See *Kinney* v. *State,* 213 Conn. 54, 65, 566 A.2d 670 (1989). "If courts can by any fair interpretation find a reasonable field of operation for two [rules of practice] without destroying their evident meaning, it is the duty of the courts to do so, thus reconciling them and according to them concurrent effect." *Farms Country Club, Inc.* v. *Carini,* 172 Conn. 439, 444, 374 A.2d 1094 (1977). Accordingly, we will not interpret § 204 in a manner that renders § 155 meaningless. See *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 422, 426 A.2d 1324 (1980). In the case of a motion to strike we conclude that § 155 controls over § 204.

There is no merit to the defendant's other claims.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The pertinent part of Practice Book § 204 provides: "Memorandum of law may be filed by [nonmoving] parties *on or before the time* the matter appears on the short calendar."

[3] The pertinent part of Practice Book § 155 provides: "If an adverse party objects to this motion [to strike] he shall, at least *five days before* the date the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law." (Emphasis added.)