[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#121)
The plaintiff, Patrick Gear, while employed by the defendant, CT Page 16293 Environmental Concepts, Inc. (ECI), allegedly sustained physical and emotional injuries while working at a contaminated site. In January of 1999, Gear filed a four-count complaint against ECI, Hansen Cummins, president of ECI, AIG Environmental Management (AIG EM) and AIG Insurance Company (AIG), which he then amended. He subsequently filed a second amended complaint on July 9, 1999; that complaint alleges causes of action for assault (counts one), negligence (count two), intentional infliction of emotional distress (count three) and fraud (count four).
On August 3, 1999, defendants AGI EM and AIG filed a motion to strike[1] all four counts of the plaintiff's second amended complaint and submitted the requisite memorandum of law. Although the plaintiff filed a memorandum of law in opposition to the motion to strike filed by defendants ECI and Cummins; see footnote 1; he did not file, in accordance with the rules of practice, an objection nor a memorandum of law in opposition to AIG EM and AIG's motion to. Practice Book § 10-42.
"Failure to file such [an objection and memorandum of law] may still serve as a ground for granting the motion to strike."Olshefski v. Stenner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990) (Clark, J.) 2 Conn. L. Rptr. 477, 478; Farmington v.Dowling, 22 Conn. App. 564, 566, 577 A.2d 1128 (1990)
Accordingly, the defendants' motion to strike the plaintiff's second amended complaint ought to be and is hereby granted.
By the Court
Arena, J.