******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

*Syllabus*

The petitioner, who had been convicted of assault of an elderly person in the first degree, reckless endangerment in the first degree and risk of injury to a child, sought a writ of habeas corpus, alleging a violation of the ex post facto clause of the federal constitution. The petitioner committed the offenses for which he was incarcerated in 2010, and, in 2011, while his criminal case was pending, the legislature enacted a statute (§ 18-98e) that permitted the respondent Commissioner of Correction to award risk reduction credit at the respondent's discretion to various classes of inmates, including the petitioner, to reduce their sentences. The legislature simultaneously amended the statute (§ 54-125a [b] [2]) governing parole eligibility to permit such credit to be taken into account when determining an inmate's parole eligibility date. After the petitioner had been sentenced, the legislature in 2013 again amended § 54-125a (b) (2) by repealing the language that permitted an inmate's parole eligibility date to be calculated on the basis of his definite sentence as reduced by earned risk reduction credit. The petitioner alleged that the 2013 amendment to § 54-125a (b) (2) increased the period of time that inmates such as him would be incarcerated before they could be released on parole. The respondent thereafter moved to dismiss the habeas petition. In denying the motion to dismiss, the habeas court determined that the 2013 amendment did not increase the punishment imposed on the petitioner because it was identical to the provision in place at the time the petitioner committed the offenses giving rise to his incarceration, that the petitioner thus had failed to allege a violation of the ex post facto clause and that the court lacked subject matter jurisdiction. The court rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed, claiming that the habeas court improperly limited its analysis to the parole eligibility provision of § 54-125a (b) (2) that was in place at the time the petitioner committed his offenses to determine whether the 2013 amendment created a genuine risk that the petitioner would be incarcerated longer under that provision. The petitioner, relying on *Lynce* v. *Mathis* (519 U.S. 433), asserted that the habeas court could have compared the 2013 amendment to the provision that was in place at the time of his sentencing to determine whether the ex post facto clause was violated. *Held* that the habeas court lacked subject matter jurisdiction over the petitioner's ex post facto claim and properly dismissed the petition; this court concluded, for the reasons set forth in the companion case of *Perez* v. *Commissioner of Correction* (326 Conn. 357), in which the petitioner raised an ex post facto claim identical to the claim raised here, and in which the petitioner was identically situated to the petitioner here, that the date of the petitioner's offense, rather than the date of sentencing, was the proper point of comparison, and this court distinguished the circumstances in *Lynce* from those presented here, noting specifically that, in contrast to the petitioner in *Lynce*, the petitioner here was ineligible for any form of earned risk reduction credit at the time of his offense.

Argued April 6—officially released July 25, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Cobb, J.*, granted the respondent's motion to dismiss and rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed. *Affirmed.*

*James E. Mortimer*, with whom, on the brief, was *Michael D. Day*, for the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (respondent).

*Opinion*

McDONALD, J. The sole issue in this appeal[1] is whether the habeas court properly dismissed the petition for writ of habeas corpus filed by the petitioner, James E., alleging that a 2013 amendment to General Statutes (Rev. to 2013) § 54-125a repealing a provision advancing certain inmates' parole eligibility dates by earned risk reduction credit violated the ex post facto clause of the United States constitution. See Public Acts 2013, No. 13-3, § 59 (P.A. 13-3). The habeas court dismissed the petition for lack of jurisdiction, determining that because the provision at issue had been enacted after the date of the petitioner's offenses and the parole eligibility provision in effect when the petitioner committed the offenses for which he is incarcerated was identical to the challenged 2013 provision, the petitioner suffered no increase in punishment that would constitute a violation of the ex post facto clause. On appeal, the petitioner claims that the proper comparison for purposes of the ex post facto analysis should have been between the provision in effect at the time of his sentencing and the challenged provision thereafter enacted, which would have reflected that he has suffered an increase in punishment. For the reasons set forth in *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 374–75, 378–80,      A.3d      (2017), we disagree. Accordingly, we affirm the judgment of the habeas court.

The facts surrounding the criminal offenses giving rise to the present habeas action are set forth in *State* v. *James E.*, 154 Conn. App. 795, 798–800, 112 A.3d 791 (2015), cert. granted, 321 Conn. 921, 138 A.3d 282 (2016), which resulted in the petitioner's conviction of two counts of assault of an elderly person in the first degree in violation of General Statutes § 53a-59a, reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a), and risk of injury to a child in violation of General Statutes (Rev. to 2009) § 53-21 (a) (1).

The following additional procedural and statutory history is relevant to the present appeal. The petitioner committed the offenses for which he is incarcerated in 2010. At that time, the relevant parole eligibility provision of General Statutes (Rev. to 2009) § 54-125a (b) (2) provided in relevant part: "A person convicted of . . . (B) an offense . . . where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed."

Thereafter, in July, 2011, while the petitioner's criminal case was pending before the trial court, General

Statutes § 18-98e[2] went into effect, pursuant to which inmates were eligible to earn risk reduction credit toward a reduction of their sentences. The respondent, the Commissioner of Correction, was vested with discretion to award such credit and to revoke any or all credit. The legislature simultaneously amended General Statutes (Rev. to 2011) § 54-125a to take such credit into account to proportionately advance an inmate's parole eligibility date. Public Acts 2011, No. 11-51, § 25 (P.A. 11-51). The provision applicable to the petitioner provided in relevant part: "A person convicted of . . . (B) an offense . . . where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed *less any risk reduction credit earned under the provisions of section 18-98e.*" (Emphasis added.) General Statutes (Rev. to 2011) § 54-125a (b) (2), as amended by P.A. 11-51, § 25.

In March, 2012, the petitioner was sentenced to a total effective sentence of twenty years incarceration, execution suspended after ten years, and three years of probation. *State* v. *James E.*, supra, 154 Conn. App. 800. In 2013, after the petitioner began serving his sentence, the legislature repealed the language in the relevant parole eligibility provision of § 54-125a (b) (2) that required the parole eligibility date to be calculated on the basis of the definite sentence as reduced by earned risk reduction credit. See P.A. 13-3, § 59. As a result, although such credit continued to be available under § 18-98e to reduce an inmate's sentence, the original sentence controlled for purposes of determining parole eligibility, unaffected by such credit.

Subsequently, the petitioner commenced the present habeas action, claiming that the 2013 amendment to the parole eligibility provision violated the ex post facto clause of the United States constitution because eliminating application of earned risk reduction credit to the parole eligibility date increased the period of time that inmates like him would be incarcerated before they could be released on parole. The respondent moved to dismiss the habeas petition for lack of subject matter jurisdiction.

After a hearing, the habeas court granted the respondent's motion to dismiss on the ground that the petitioner had failed to allege a violation of the ex post facto clause, and, therefore, the court lacked subject matter jurisdiction. Relying on this court's analysis in *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 786 A.2d 1091 (2002), the court determined that the 2013 parole eligibility provision did not increase the punishment imposed on the petitioner because it was identical to the provision that was in place at the time

that the petitioner committed the offenses giving rise to his incarceration. This appeal followed.

The petitioner claims that the habeas court improperly limited its analysis to the parole eligibility provision that was in place at the time that the petitioner committed the offenses to determine whether the challenged provision created a genuine risk that the petitioner would be incarcerated longer under the latter. The petitioner, relying on *Lynce* v. *Mathis*, 519 U.S. 433, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997), asserts that the habeas court also may compare the provision in place at the time of his sentencing to the challenged provision to determine whether the ex post facto clause has been violated.

The ex post facto claim raised by the petitioner in the present case is identical to one of the claims raised in *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 357, which we also have decided today. The petitioner in the present case and the petitioner in *Perez* are identically situated. Both committed their offenses prior to the enactment of the 2011 amendment permitting earned risk reduction credit to be applied to the calculation of parole eligibility and were sentenced prior to July 1, 2013, when the legislature repealed that provision. In *Perez* v. *Commissioner of Correction*, supra, 374–75, 378–80, we concluded that the habeas court lacked subject matter jurisdiction over the ex post facto claim because the challenged 2013 provision was identical to the provision in place when that petitioner committed his offense, and relied on *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 817, as deeming the date of the offense the proper point of comparison. See id. (The ex post facto clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the [e]x [p]ost [f]acto [c]lause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." [Internal quotation marks omitted.]). We distinguished the circumstances presented in *Perez* from those in *Lynce v. Mathis*, supra, 519 U.S. 448–49, in which the United States Supreme Court concluded that the habeas court had jurisdiction to consider an ex post facto claim that the challenged statute increased the petitioner's punishment from that imposed pursuant to the statute in effect on the date of his sentencing. Although the petitioner in *Lynce* raised a claim based on the statute in effect at sentencing, the court held that jurisdiction existed based on a comparison of the challenged statute and the statute in effect at the time of the offense, which the court determined was essentially the same as the statute in effect at the time of sentencing. The same fact that made *Lynce* distinguishable from *Perez* is also found in the present case,

namely, that, in contrast to the ongoing good time credit scheme in *Lynce*, the petitioner in the present case was ineligible for any form of earned risk reduction credit at the time of his offense. Therefore, for the reasons set forth in *Perez*, we conclude that the habeas court lacked subject matter jurisdiction over the petitioner's ex post facto claim in the present case.

The judgment is affirmed.

In this opinion the other justices concurred.

* In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. General Statutes § 54-86e.

** This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille. Although Justices Palmer and Espinosa were not present when the case was argued before the court, they have read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

[1] The habeas court granted the petitioner's petition for certification to appeal pursuant to General Statutes § 52-470 (g). The petitioner subsequently appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 18-98e provides in relevant part: "(a) Notwithstanding any provision of the general statutes, any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date . . . may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction for conduct as provided in subsection (b) of this section occurring on or after April 1, 2006.

"(b) An inmate may earn risk reduction credit for adherence to the inmate's offender accountability plan, for participation in eligible programs and activities, and for good conduct and obedience to institutional rules as designated by the commissioner, provided (1) good conduct and obedience to institutional rules alone shall not entitle an inmate to such credit, and (2) the commissioner or the commissioner's designee may, in his or her discretion, cause the loss of all or any portion of such earned risk reduction credit for any act of misconduct or insubordination or refusal to conform to recommended programs or activities or institutional rules occurring at any time during the service of the sentence or for other good cause. If an inmate has not earned sufficient risk reduction credit at the time the commissioner or the commissioner's designee orders the loss of all or a portion of earned credit, such loss shall be deducted from any credit earned by such inmate in the future. . . .

"(d) Any credit earned under this section may only be earned during the period of time that the inmate is sentenced to a term of imprisonment and committed to the custody of the commissioner and may not be transferred or applied to a subsequent term of imprisonment. . . ."

We note that § 18-98e was amended in 2015; see Public Acts 2015, No. 15-216, § 9; that amendment, however, is not relevant to this appeal and we refer to the current revision of the statute.