******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# DEAN HOLLIDAY *v.* COMMISSIONER OF CORRECTION
## (AC 39234)

DiPentima, C. J., and Prescott and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted in 2002 of several crimes in connection with an attempted robbery in 2001, sought a writ of habeas corpus, alleging that a 2013 revision to the parole eligibility statute (§ 54-125a [b]) operated to delay his earliest parole eligibility date by requiring him, as a violent offender, to serve 85 percent of his definite sentence before becoming eligible for parole. The 2013 revision had revoked a portion of 2011 legislation that had revised § 54-125a (b) to permit him to earn credits toward a reduction in his sentence. The petitioner claimed that 2013 revision to § 54-125a (b) violated his rights to due process and equal protection, and the constitutional prohibition against ex post facto laws. The habeas court dismissed the petition for a writ of habeas corpus on its own motion, pursuant to the applicable rule of practice (§ 23-29 [1]), on the ground that it lacked subject matter jurisdiction. Thereafter, the habeas court granted the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court properly dismissed the habeas petition on the ground that it lacked subject matter jurisdiction over the petitioner's ex post facto, due process and equal protection claims: the petitioner failed to demonstrate a recognized liberty interest that was implicated by his loss of risk reduction credits toward parole eligibility, and even if he had a liberty interest in risk reduction credit, he could not assert a colorable ex post facto claim because his only complaint was that favorable legislation that was enacted in 2011, after his conviction, was later repealed in 2013, which thereby put him back in the same position as he was when he was first convicted; moreover, our Supreme Court previously has rejected a claim that due process and equal protection claims regarding risk reduction credit independently implicate the subject matter jurisdiction of the habeas court.

2. The petitioner's claim that the habeas court improperly dismissed his habeas petition without notice or a hearing was unavailing; that court was not obligated to grant the petitioner a hearing before dismissing the petition, as § 23-29 (1) authorized the court to dismiss the petition on its own motion, and although the petitioner has a right under the applicable rule of practice (§ 23-40) to be present when an evidentiary hearing is held, such hearings are not always required and the petitioner's right to a hearing before the habeas court was not absolute where, as here, he failed to allege facts sufficient to invoke the habeas court's jurisdiction.

Argued May 15—officially released August 14, 2018

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Nicholas Marolda*, assigned counsel, with whom, on the brief, was *Temmy Ann Miller*, assigned counsel, for the appellant (petitioner).

*Michael A. Martone*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Terrence M. O'Neill*, assistant attorney general,

for the appellee (respondent).

*Opinion*

EVELEIGH, J. The petitioner, Dean Holliday, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the habeas court erred in dismissing his petition (1) for lack of jurisdiction on the basis of *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 125 A.3d 1053 (2015), appeal dismissed, 324 Conn. 912, 153 A.3d 1288 (2017), and (2) without notice or a hearing. For the reasons set forth herein, we disagree and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of this appeal. In April, 2002, following a jury trial, the petitioner was convicted of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2), and attempt to commit robbery in the second degree in violation of General Statutes §§ 53a-49 and 53a-135 (a) (1). The petitioner was sentenced to a total effective term of forty years in prison.[1] This court affirmed the petitioner's conviction on direct appeal. See *State* v. *Holliday*, 85 Conn. App. 242, 243, 856 A.2d 1041, cert. denied, 271 Conn. 945, 861 A.2d 1178 (2004). The petitioner remains in the custody of the respondent, the Commissioner of Correction.

In 2001, at the time of the petitioner's criminal conduct, and in 2003, when he was convicted, no statutory provision existed that permitted inmates to earn credits toward reducing the length of their sentences. In 2011, while the petitioner was incarcerated, the General Assembly enacted No. 11-51, § 22, of the 2011 Public Acts, later codified in General Statutes § 18-98e. This legislation provided that certain prisoners convicted of crimes committed after October 1, 1994, "may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction" for certain positive behaviors. General Statutes § 18-98e (a). Section 18-98e (a) was enacted in conjunction with a revision to General Statutes § 54-125a (b), which provided, in relevant part, that a person convicted of a violent crime would not be eligible for parole consideration "until such person has served not less than eighty-five percent of the definite sentence imposed *less any risk reduction credit earned under the provisions of section 18-98e.*" (Emphasis added.) General Statutes (Rev. to 2013) § 54-125a (b). The petitioner's crimes qualified as violent under § 54-125a (b).[2] See *State* v. *Holliday*, supra, 85 Conn. App. 247. Under the 2011 revisions of §§ 18-98e and 54-125a (b), the petitioner earned credits toward his discharge date and parole eligibility date.

In July, 2013, the General Assembly amended § 54-125a (b), striking the language that allowed credits earned under § 18-98e to reduce the time served by violent offenders before becoming eligible for parole. This revision meant that violent offenders, like the petitioner, were required to serve 85 percent of their definite sentence[3] before becoming eligible for parole. Credits the petitioner had earned toward his discharge date and parole eligibility date were revoked following the revision.

On December 24, 2014, the self-represented petitioner filed a petition for a writ of habeas corpus in which he alleged that the 2013 legislative change violated the ex post facto clause of the United States constitution, article one, § 10, by revoking credits he had earned under § 18-98e. In support of his claim, the petitioner cited *Teague* v. *Quarterman*, 482 F.3d 769 (5th Cir. 2007), and *Cleburne* v. *Cleburne Living Center*, 473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985), cases that address rights under the due process and equal protection clauses, respectively. On March 29, 2016, the habeas court dismissed the petition on its own motion pursuant to Practice Book § 23-29 (1) for lack of jurisdiction. The habeas court's decision did not analyze the petitioner's due process and equal protection arguments, but, citing this court's opinion in *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 727, concluded that the habeas court lacked subject matter jurisdiction.

The petitioner filed a petition for certification to appeal on April 15, 2016, which the habeas court granted on April 25, 2016. The petitioner, then represented by appointed counsel, filed a motion for articulation on November 7, 2016, which the court denied on November 21, 2016.[4] This appeal followed. Additional facts and procedural history will be set forth as necessary.

## I

On appeal, the petitioner claims that the habeas court erred in dismissing his habeas petition for lack of subject matter jurisdiction. Specifically, the petitioner argues the court improperly relied on *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 727, in dismissing not only his ex post facto claim, but also his due process and equal protection claims. The respondent argues that the habeas court's dismissal for lack of jurisdiction was proper because the habeas court lacked subject matter jurisdiction over the petition on the basis of *Petaway, Perez* v. *Commissioner of Correction*, 326 Conn. 357, 163 A.3d 597 (2017), and *James E.* v. *Commissioner of Correction*, 326 Conn. 388, 163 A.3d 593 (2017).[5] We agree with the respondent.

We first set forth our standard of review and applicable legal principles. "It is well settled that [a] determination regarding a trial court's subject matter jurisdiction

is a question of law and, therefore, we employ the plenary standard of review and decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 731.

The habeas court's subject matter jurisdiction is predicated on the deprivation of a recognized liberty interest. See General Statutes § 52-466 (a) (2); *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 679, 667 A.2d 304 (1995). The petitioner's failure to demonstrate a liberty interest implicated by his loss of risk reduction credit is dispositive of this appeal. Pursuant to Practice Book § 23-29, the habeas court "may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (1) the court lacks jurisdiction . . . ." The only interest implicated by the present petition is credit toward parole eligibility. This court and our Supreme Court have held there is no liberty interest in the application of risk reduction eligibility credit toward an inmate's parole eligibility. *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 372–73 (no vested liberty interest in risk reduction credit granted under § 18-98e); *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 734 (no liberty interest in parole eligibility under § 54-125a [b]).

Even if the petitioner had a liberty interest in risk reduction credit and the habeas court had been able to reach the merits of his ex post facto claim, the claim would fail in light of *Petaway*, which the petitioner recognized as dispositive at oral argument before this court.[6] In *Petaway*, this court adjudicated nearly identical factual and legal issues to those in the present case. *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 727. *Petaway* involved a habeas petition that alleged that the retroactive application of the 2013 amendment to § 54-125a (b) violated the ex post facto clause.[7] Id., 729–30. The petitioner in that case was convicted of a violent crime before the relevant 2011 enactments and had earned credits toward his parole eligibility, but was unable to apply those credits to his parole eligibility date after the General Assembly made the statute inapplicable to inmates convicted of violent crimes. Id., 730–31. The court in *Petaway* held that the petitioner had not asserted a colorable ex post facto claim because his only complaint was that favorable legislation, enacted after his conviction, was later repealed, putting him back in the same position as when he was first convicted. Id., 734. The same is true of the petitioner here.[8] Accordingly, we conclude that the habeas court properly dismissed the petitioner's ex post facto claim for lack of subject matter jurisdiction.

The petitioner also argues that the habeas court erred in dismissing his petition in its entirety because the

failure of his ex post facto claim did not deprive the habeas court of jurisdiction to hear his due process and equal protection claims. We disagree. Our Supreme Court in *Perez* rejected the argument that the due process and equal protection claims regarding risk reduction credit independently implicate the subject matter jurisdiction of the habeas court, concluding that "[a]n essential predicate to all of these claims is a cognizable liberty interest." *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 370. Accordingly, because the petitioner has not demonstrated a liberty interest in credits toward parole eligibility, we conclude that the habeas court properly dismissed his due process and equal protection claims.

## II

The petitioner also argues that the habeas court erred in dismissing the petition on its own motion, without notice or a hearing. The respondent argues that the plain meaning of Practice Book § 23-29 (1) and this court's decision in *Pentland* v. *Commissioner of Correction*, 176 Conn. App. 779, 169 A.3d 851, cert. denied, 327 Conn. 978, 174 A.3d 800 (2017), show that the habeas court was not required to provide notice or a hearing before dismissing the petition. We agree with the respondent.[9]

"[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 549, 911 A.2d 712 (2006). Habeas petitioners generally have "the right to be present at any evidentiary hearing and at any hearing or oral argument on a question of law which may be dispositive of the case . . . ." Practice Book § 23-40. However, Practice Book § 23-40 speaks only to the petitioner's right to be present at an evidentiary hearing when such a hearing is held.[10] Such hearings are not always required, as Practice Book § 23-29 authorizes the court to dismiss a habeas petition on its own motion. As we indicated in *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 83 n.6,       A.3d       (2018), "we urge the habeas court to exercise this authority [to dispose of a petition without a hearing] sparingly and limit its use to those instances in which it is plain and obvious" that the court lacks jurisdiction over the habeas petition.

Notwithstanding this policy, a petitioner's right to a hearing before a habeas court is not absolute. In *Pentland* v. *Commissioner of Correction*, supra, 176 Conn. App. 787, this court held that the habeas court acted properly in dismissing a habeas petition pursuant to Practice Book § 23-29 without first holding a hearing because it could "be determined from a review of the petition [that] the petitioner had not satisfied his obliga-

tion to allege sufficient facts in his pleading" to establish jurisdiction.[11] Here, the petitioner similarly failed to allege sufficient facts to establish jurisdiction. The present petition alleged only the deprivation of risk reduction eligibility credit, which this court and our Supreme Court have held is insufficient to invoke the habeas court's jurisdiction. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 357; see also *Petaway* v. *Commissioner of Correction*, supra 160 Conn. App. 727. In light of binding precedent establishing the habeas court's lack of subject matter jurisdiction, we find that the habeas court was not obligated to grant the petitioner a hearing before dismissing the petition and acted properly in dismissing the petition.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In August, 2005, the petitioner's sentence was modified to twenty-five years in prison by the sentence review division. *State* v. *Holliday*, Superior Court, judicial district of New Britain, Docket No. CR-011-94794, 2005 WL 2358544, *3 (August 22, 2005).

[2] General Statutes (Rev. to 2013) § 54-125a (b) (1) prohibits the use of risk reduction credit toward parole eligibility by "[a] person convicted of . . . an offense . . . where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person . . . until such person has served not less than eighty-five per cent of the definite sentence imposed . . . ."

A jury found the petitioner guilty of, among other crimes, robbery in the first degree, which involves the "[use] or threaten[ed] . . . immediate use of physical force upon another person . . . ." (Internal quotation marks omitted.) *State* v. *Holliday*, supra, 85 Conn. App. 247.

[3] "[D]efinite sentence is the flat maximum to which a defendant is sentenced . . . ." *State* v. *Adam H.*, 54 Conn. App. 387, 393, 735 A.2d 839, cert. denied, 251 Conn. 905, 738 A.2d 1091 (1999).

[4] The petitioner filed a motion for review of the habeas court's denial of his motion for articulation on December 5, 2016. This court granted the petitioner's motion for review but denied the relief requested therein.

[5] Our Supreme Court decided *Perez* and *James E.* v. *Commissioner of Correction*, supra, 326 Conn. 388, on the same day. In *James E.* v. *Commissioner of Correction*, supra, 394, the court stated that the "ex post facto claim raised by the petitioner in the present case is identical to [the ex post facto] claim raised in *Perez*" and that the petitioners were "identically situated." The claims and facts in these cases are also indistinguishable from those in *Petaway*.

[6] See footnote 4 of this opinion.

[7] Whereas the habeas court here dismissed the petition pursuant to Practice Book § 23-29 (1), the court in *Petaway* v. *Commissioner of Correction*, supra, 160 Conn. App. 728, declined pursuant to Practice Book § 23-24 to issue a writ of habeas corpus. This distinction does not change the applicability of *Petaway* to the present case, as both provisions stand for the proposition that a habeas court must have subject matter jurisdiction to grant a habeas petition.

[8] We note that two cases alleging an ex post facto violation on the basis of the 2013 amendment to § 54-125a (b) are currently on appeal before our Supreme Court. See *Breton* v. *Commissioner of Correction*, SC 19928, and *Garner* v. *Commissioner of Correction*, SC 19927. These cases, however, are factually distinguishable from the present case. While the present case involves a petitioner who was convicted before the enactment of the 2011 provisions, thereby defeating the timing requirement for an ex post facto claim, the petitioners in *Breton* and *Warden* committed their crimes between the enactment of the 2011 and 2013 amendments.

[9] It should be noted that, on June 13, 2018, our Supreme Court granted a petition for certification to appeal this court's decision in *Gilchrist* v. *Commissioner of Correction*, 180 Conn. App. 56, 182 A.3d 690 (2018). Certification to appeal was granted only as to the following issue: "Did the Appellate Court properly affirm the habeas court's dismissal of the petition when the

habeas court took no action on the petitioner's request for counsel and did not give the petitioner notice and an opportunity to be heard on the court's own motion to dismiss the petition pursuant to Practice Book § 23-29?" *Gilchrist* v. *Commissioner of Correction*, 329 Conn. 908, A.3d (2018).

[10] "[T]he rules of practice were promulgated to create one harmonious and consistent body of law. . . . If courts can by any fair interpretation find a reasonable field of operation for two [rules of practice] without destroying their evident meaning, it is the duty of the courts to do so, thus reconciling them and according to them concurrent effect." (Citation omitted; internal quotation marks omitted.) *Farmington* v. *Dowling*, 22 Conn. App. 564, 566, 577 A.2d 1128, cert. denied, 216 Conn. 816, 580 A.2d 66 (1990). To give effect to both Practice Book §§ 23-29 and 23-40, the latter section should be read to give a petitioner the right to be present at an evidentiary hearing if one is held, not to give a petitioner the absolute right to an evidentiary hearing itself.

[11] The petitioner argues that the habeas court erred in dismissing the petition without a hearing because, in *Boyd* v. *Commissioner of Correction*, 157 Conn. App. 122, 126, 115 A.3d 1123 (2015), this court held that dismissal without a hearing is permitted "only under narrowly defined circumstances . . . ." In *Boyd*, this court held that a petitioner was entitled to a hearing before his petition was dismissed under Practice Book § 23-29 (3), which allows the habeas court to dismiss a petition if "the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." The present case is distinguishable in that the habeas court dismissed the petition under a different subdivision of § 23-29. In *Boyd* v. *Commissioner of Correction*, supra, 126, the court found dismissal under § 23-29 (3), without a hearing, was improper because the petition "contained a new ground for habeas relief." The petition in the present case failed to implicate a liberty interest, placing it squarely within the grounds for dismissal in § 23-29 (1).