******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ANTHONY JOHNSON *v.* COMMISSIONER OF CORRECTION
## (AC 42994)

Prescott, Elgo and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted on a guilty plea, of the crime of manslaughter in the first degree with a firearm in connection with his involvement in an altercation in 2008, sought a writ of habeas corpus, claiming, inter alia, a violation of the ex post facto clause of the United States constitution. In 2011, the legislature enacted a statute (§ 18-98e) that permitted certain inmates, including the petitioner, to earn risk reduction earned credit toward the reduction of their sentences, at the discretion of the respondent, the Commissioner of Correction, and amended the statute (§ 54-125a) governing parole eligibility to permit risk reduction credit to be applied to advance the parole eligibility date of inmates convicted of certain violent offenses. In 2013, No. 13-3 of the 2013 Public Acts (P.A. 13-3) amended § 54-125a and removed the language that permitted the risk reduction credit earned under § 18-98e to advance the parole eligibility date of violent offenders. The petitioner claimed, inter alia, that the 2013 amendment, as applied retroactively to him, violated the ex post facto clause of the federal constitution. The habeas court rendered judgment declining to issue a writ of habeas corpus pursuant to the applicable rule of practice (§ 23-24 (a) (1)) on the ground that it lacked subject matter jurisdiction. The petitioner then filed a second petition for a writ of habeas corpus, in which he alleged that the Department of Correction (department) had unconstitutionally forfeited his risk reduction earned credit that had already been earned and applied. The court again declined to issue the writ, concluding that the second petition was identical to the first petition. Thereafter, the habeas court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court abused its discretion in denying the petition for certification to appeal and in declining to issue a writ of habeas corpus on the petitioner's second petition because it was identical to the first petition, as no such ground is contained in Practice Book § 23-24: under § 23-24, the judicial authority shall issue a writ of habeas corpus unless it appears that it lacks jurisdiction, the petition is wholly frivolous on its face or the relief sought is not available; moreover, as the respondent conceded, the first and second petitions were not identical, as the first petition was construed by the habeas court as a constitutional challenge regarding the department's failure to allow the petitioner to continue to earn and apply new credits to his sentence, and the second petition specifically concerned risk reduction earned credits that allegedly had already been earned and applied pursuant to § 18-98e.

2. This court affirmed the decision of the habeas court to decline to issue a writ of habeas corpus on the alternative ground that the habeas court lacked subject matter jurisdiction over the second petition, as the petitioner's criminal offense predated the enactment of the risk reduction earned credit program; this court previously applied precedent from our Supreme Court in the context of a habeas court's decision to decline to issue a writ for lack of jurisdiction pursuant to Practice Book § 23-24 (a) (1) in *Whistnant* v. *Commissioner of Correction*, (199 Conn. App. 406), and the present case was indistinguishable from that case in all material respects, as both cases involved petitioners who committed criminal offenses in 2008, years before the enactment of the risk reduction earned credit program in 2011, and who claimed that the retroactive application of the 2013 amendment to § 54-125a (b) (2) to him violated the ex post facto clause, and, as in *Whistnant*, the enactment of P.A. 13-3 simply returned the petitioner to the same position in terms of parole eligibility that he was in at the time that he committed the offense.

Argued March 4—officially released October 12, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment declining to issue a writ of habeas corpus; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Affirmed.*

*Deborah G. Stevenson*, assigned counsel, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, was *Joseph T. Corradino*, state's attorney, for the appellee (respondent).

*Opinion*

ELGO, J. The petitioner, Anthony Johnson, appeals from the judgment of the habeas court declining to issue a writ of habeas corpus pursuant to Practice Book § 23-24. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and declining to issue a writ of habeas corpus. The respondent, the Commissioner of Correction, concedes that the court abused its discretion in denying his petition for certification and declining to issue the writ for the reason stated by the court, but nonetheless argues that we should affirm the judgment because the court lacked jurisdiction over the petition. We agree with the respondent and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. The petitioner was involved in an altercation that occurred on December 7, 2008. He thereafter was arrested and charged with murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). On December 2, 2009, the petitioner pleaded guilty to one count of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a. On February 26, 2010, the court sentenced the petitioner to a term of thirty years of incarceration, execution suspended after eighteen years, with five years of probation.

On February 25, 2019, the petitioner filed a petition as a self-represented party for a writ of habeas corpus (first petition), raising an ex post facto challenge to the application of the risk reduction earned credit program that was established in 2011, by No. 11-51 of the 2011 Public Acts (P.A. 11-51), as codified in General Statutes (Supp. 2012) §§ 18-98e and 54-125a, which was eliminated in 2013, following the enactment of No. 13-3, § 59, of the 2013 Public Acts (P.A. 13-3).[1] In that petition, the petitioner broadly alleged that application of P.A. 13-3 to his sentence violated the ex post facto clause of the United States constitution.[2]

On March 4, 2019, the habeas court, *Bhatt, J.*, declined to issue the writ pursuant to Practice Book § 23-24 (a) (1). In its written order, the court concluded that it lacked subject matter jurisdiction over the first petition because the date of the offense underlying the petitioner's conviction was December 7, 2008, and thus predated the enactment of the risk reduction earned credit program established by P.A. 11-51. In so doing, the court relied on *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 373–74, 163 A.3d 597 (2017), *Boria* v. *Commissioner of Correction*, 186 Conn. App. 332, 199 A.3d 1127 (2018), cert. granted, 335 Conn. 901, 225 A.3d 685 (2020), and *Holliday* v. *Commissioner of Correction*, 184 Conn. App. 228, 194 A.3d 867 (2018), cert.

granted, 335 Conn. 901, 225 A.3d 960 (2020), noting that "[o]ur Supreme Court and Appellate Court have repeatedly held that this court lacks jurisdiction over claims involving an offense date that is prior to the enactment of the [risk reduction earned credit] statute," including ex post facto challenges. The court then concluded its order with the following statement: "The holdings of those [appellate] cases make clear that this court has no jurisdiction to consider the claims raised in the [first petition]. If, however, the petitioner is claiming that credits that have already been earned and applied in the past have been unconstitutionally forfeited by the Department of Correction [department], as opposed to [the department's] failure to allow the petitioner to continue to earn and apply new credits to his sentence, then the petitioner is invited to refile the petition."[3]

Approximately two weeks later, the petitioner filed a second petition for a writ of habeas corpus (second petition), in which he amended his first petition as suggested by the habeas court. Specifically, the petitioner alleged in relevant part that the department had "unconstitutionally forfeited risk reduction earned credit . . . from the petitioner [that] have already been earned and applied . . . ." The petitioner further alleged that "the retroactive application of [P.A.] 13-3 violat[es] the ex post facto clause" by "[w]ithdrawing any credits that [were] earned toward the reduction of [his parole eligibility date]." By way of relief, the petitioner asked the court to "reinstate any lawfully earned [risk reduction earned credit] that was forfeited unconstitutionally with the retroactive application of P.A. 13-3." On March 25, 2019, the habeas court, *Newson*, *J.*, declined to issue the writ "because [the second petition] is identical to [the first petition], which was declined . . . on March 4, 2019."[4] The petitioner then filed a petition for certification to appeal, which the court denied. From that judgment, the petitioner appealed to this court.

The petitioner subsequently filed a motion requesting that the habeas court file a memorandum of decision pursuant to Practice Book § 64-1. The court denied that motion on August 12, 2019, stating in relevant part: "The basis for the court's [decision to] decline [to issue the writ] pursuant to Practice Book § 23-24 [was] on the ground that the [second] petition was identical to [the first petition] that had been declined approximately two weeks prior pursuant to Practice Book § 23-24 . . . where [the habeas court] did provide the petitioner with an order including legal reasoning, does not require further explanation." (Citation omitted.)

In response, the petitioner filed a motion for articulation, in which he asked the habeas court to articulate the basis of its decision to deny his motion seeking a memorandum of decision, its decision to decline to issue the writ, and its denial of his petition for certification to appeal. The court summarily denied that motion

the next day. On September 3, 2019, the petitioner filed an "amended motion for articulation," again seeking articulation of the habeas court's decision declining to issue a writ of habeas corpus. The court denied the amended motion on September 16, 2019, stating that "[t]he basis for the court's decision was made clear in its order and is not in need of further articulation." On September 26, 2019, the petitioner filed a motion for review of the habeas court's denial of his amended motion. On December 4, 2019, this court denied review of that motion.

On appeal, the petitioner argues that the habeas court abused its discretion when it denied the petition for certification to appeal because it improperly declined to issue the writ on the ground that the second petition was "identical" to the first one. The respondent concedes that the court abused its discretion in both denying his petition for certification to appeal and declining to issue the writ on that ground.[5] The respondent nevertheless argues, as an alternative ground of affirmance, that we should affirm the judgment of the habeas court because it lacked jurisdiction over the second petition. See Practice Book § 23-24 (a) (1). We agree with the respondent.[6]

I

We first consider the propriety of the stated basis of the habeas court's decision to decline to issue the writ. In its March 25, 2019 order, the court declined to issue the writ "because [the second petition] is identical to [the first petition] . . . ." On appeal, the petitioner contends that the court abused its discretion in so doing, as no such ground is contained in Practice Book § 23-24. We agree.

As a preliminary matter, we note that our review of a habeas court's order declining to issue a writ of habeas corpus is governed by the abuse of discretion standard. See *Stephen S.* v. *Commissioner of Correction*, 199 Conn. App. 230, 235, 235 A.3d 639 (2020). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Walker* v. *Commissioner of Correction*, 223 Conn. 411, 414, 611 A.2d 413 (1992).

Titled "Preliminary Consideration of Judicial Authority," Practice Book § 23-24 governs the authority of a court to issue a writ of habeas corpus and provides in relevant part: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that: (1) the court lacks jurisdiction; (2) the petition is wholly frivolous on its face; or (3) the relief sought is not available. . . ."[7] By contrast, Practice Book § 23-29 governs the

authority of a court to dismiss a petition for various reasons *after* a writ has been issued.[8]

In *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555, 223 A.3d 368 (2020), our Supreme Court sought to "clarify the proper application of these two rules of practice." The court explained that "the screening function of Practice Book § 23-24 plays an important role in habeas corpus proceedings, but it is intended only to weed out obviously and unequivocally defective petitions, and we emphasize that [b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. . . . Screening petitions prior to the issuance of a writ is intended to conserve judicial resources by eliminating obviously defective petitions; it is not meant to close the doors of the habeas court to justiciable claims. Special considerations ordinarily obtain when a petitioner has proceeded pro se. . . . [I]n such a case, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed. . . . The justification for this policy is apparent. If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also to the mass of uneducated, unrepresented prisoners. . . . Thus, when borderline cases are detected in the preliminary review under § 23-24, the habeas court should issue the writ and appoint counsel so that any potential deficiencies can be addressed in the regular course after the proceeding has commenced." (Citations omitted; internal quotation marks omitted.) Id., 560–61. The court further emphasized that, "[i]n contrast [with Practice Book § 23-24], Practice Book § 23-29 contemplates the dismissal of a habeas petition *after the writ has issued* on any of the enumerated grounds." (Emphasis added.) Id., 561; see also id., 563 (describing Practice Book § 23-29 as procedure utilized "[a]fter the writ has issued").

In the present case, the habeas court declined to issue the writ pursuant to Practice Book § 23-24 "because [the second petition] is identical to [the first petition] . . . ." No such ground is set forth in § 23-24. For that reason, the court improperly declined to issue the writ on that basis.

In *Stephen S.* v. *Commissioner of Correction*, supra, 199 Conn. App. 231, this court reversed a habeas court's decision to decline to issue a writ on the ground that the petition was identical to a previously dismissed petition. The petitioner in that case had filed a third habeas petition alleging ineffective assistance of counsel on the part of his trial and appellate counsel. Id., 234. The habeas court declined to issue the writ pursuant to Practice Book § 23-24 (a) (2), stating that the petition was "wholly frivolous on its face, to wit: [t]he petition raises claims identical to those already raised, litigated,

and resolved against the petitioner in [the first and second habeas actions]." (Internal quotation marks omitted.) Id., 235. On appeal, the petitioner claimed that the court improperly declined to issue the writ because the claims raised in his third habeas petition were "different from the claims raised in his two prior habeas petitions" and were not " 'wholly frivolous on [their] face.' " Id., 231. Relying on *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 560, this court concluded that the petitioner's claims were not " 'obviously and unequivocally defective' . . . but, rather, [were] cognizable claims that should have survived the 'screening function' of . . . § 23-24 and entitled the petitioner to present evidence in support of his claims." (Citation omitted.) *Stephen S.* v. *Commissioner of Correction*, supra, 239. In light of the foregoing, this court concluded that the habeas court had abused its discretion in declining to issue the writ. Id., 240.

That precedent compels a similar conclusion here. In the present case, the habeas court declined to issue the writ on the ground that the second petition was identical to the first petition. As the respondent concedes, the first and second petitions are not "identical." The first petition was construed by the habeas court as a constitutional challenge regarding the department's failure to allow the petitioner to continue to earn and apply new credits to his sentence. By contrast, the second petition specifically concerned risk reduction earned credits that allegedly had "already been earned and applied" pursuant to General Statutes (Supp. 2012) § 18-98e and allegedly had been forfeited by the department in violation of the ex post facto clause. Thus, the second petition plainly alleges a different and distinct claim from that set forth in the first petition. We therefore conclude that the court improperly declined to issue the writ on the ground that the second petition was identical to the first petition.

II

That determination does not end our inquiry. Although the respondent concedes that the stated basis of the habeas court's decision is untenable, he argues, as an alternative ground of affirmance, that the court lacked subject matter jurisdiction over the second petition because the petitioner's criminal offense predated the enactment of the risk reduction earned credit program.[9] For that reason, the respondent maintains that the court reached the correct result in declining to issue the writ. See Practice Book § 23-24 (a) (1) ("[t]he judicial authority shall issue the writ unless it appears that . . . the court lacks jurisdiction"). We agree.

In *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 374, our Supreme Court addressed a claim, similar to the one presented here, that "the retroactive application of [P.A. 13-3] to [the petitioner], when he committed his offense and was sentenced prior to the

amendments' effective date, violates the ex post facto clause of the United States constitution." The Supreme Court rejected that claim, stating: "[W]hen the petitioner committed his offense in 2010, a violent offender for whom parole was available would become eligible for parole after he had served 85 percent of his definite sentence. See General Statutes (Rev. to 2009) § 54-125a (e). Although a short-lived 2011 amendment altered this calculation to include earned risk reduction credit; P.A. 11-51, § 25; [P.A. 13-3] restored the parole eligibility calculation to 85 percent of the violent offender's definite sentence. Far from creating a genuine risk that the petitioner would be incarcerated for a longer period of time, [P.A. 13-3] simply returned the petitioner to the position that he was in at the time of his offense." *Perez* v. *Commissioner of Correction*, supra, 378. The court also disagreed with the petitioner's contention that, in conducting an ex post facto inquiry, a court may consider the statute that was in effect at the time of the plea and sentencing. Id., 378–79. To the contrary, the court held that a court presented with an ex post facto challenge must compare "the statute *in effect at the time of the petitioner's offense* to the challenged statute . . . ." (Emphasis added.) Id., 380. Because the petitioner's criminal offense occurred prior to the enactment of the risk reduction earned credit program in 2011, the court concluded that "the habeas court lacked jurisdiction" over the petitioner's ex post facto claim. Id., 362; accord *James E.* v. *Commissioner of Correction*, 326 Conn. 388, 390, 163 A.3d 593 (2017) (applying *Perez* and concluding that habeas court properly dismissed petition alleging ex post facto violation for lack of subject matter jurisdiction); *Boria* v. *Commissioner of Correction*, supra, 186 Conn. App. 344–45 (same).

More recently, this court applied that precedent in the context of a habeas court's decision to decline to issue a writ for lack of jurisdiction pursuant to Practice Book § 23-24 (a) (1). In *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 409, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020), the petitioner, like the petitioner in the present case, committed the underlying criminal offense in 2008. In 2019, he filed a petition for a writ of habeas corpus that contained allegations nearly identical to those presented in the present case—namely, that "prior to the enactment of P.A. 13-3, he *had earned risk reduction credit* that the respondent *had applied* to advance his parole eligibility date . . . but, following the enactment of P.A. 13-3, the respondent stopped applying the credit that he had earned to advance his parole eligibility date. . . . [T]he petitioner [thus] asserted that P.A. 13-3, as applied to him retroactively, violated the ex post facto clause of the United States constitution." (Emphasis added.) Id., 411. Pursuant to Practice Book § 23-24 (a) (1), the habeas court declined to issue the writ for lack of jurisdiction. Id., 408.

On appeal, this court explained that the petitioner had "made no claim that legislation regarding eligibility for parole consideration became more onerous after the date of his criminal behavior. Rather, he claim[ed] that new legislation enacted in 2011 . . . after his criminal conduct . . . conferred a benefit on him that was then taken away in 2013. Such a claim, however, does not implicate the ex post facto prohibition because the changes that occurred between 2011 and 2013 have no bearing on the punishment to which the petitioner's criminal conduct exposed him when he committed [the offense for which he is incarcerated]. . . . Indeed, with regard to his parole eligibility, P.A. 13-3 returned the petitioner to the same position that he was in at the time that he committed the [offense] in 2008." (Citation omitted; internal quotation marks omitted.) Id., 421–22. We further acknowledged the precedent of our Supreme Court in *Perez* and *James E.*, which held that a habeas court lacks subject matter jurisdiction over ex post facto claims predicated on the retroactive application of P.A. 13-3 to petitioners whose underlying offenses were committed prior to the enactment of P.A. 11-51. Id., 422. This court thus concluded that the habeas court properly declined to issue a writ pursuant to Practice Book § 23-24 (a) (1). Id., 423.

The present case is indistinguishable from *Whistnant* in all material respects. Both cases involve petitioners who committed criminal offenses in 2008, years before the enactment of the risk reduction earned credit program in 2011. Both cases involve ex post facto challenges regarding credit that allegedly had been earned and applied prior to the enactment of P.A. 13-3. As in *Whistnant*, the enactment of P.A. 13-3 simply returned the petitioner in the present case to the same position in terms of parole eligibility that he was in at the time that he committed the offense on December 7, 2008. For that reason, the habeas court lacked subject matter jurisdiction over his second petition alleging an ex post facto claim predicated on the retroactive application of P.A. 13-3. See *James E.* v. *Commissioner of Correction*, supra, 326 Conn. 390–91; *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 362; *Whistnant* v. *Commissioner of Correction*, supra, 199 Conn. App. 422. Because the court lacked jurisdiction over the second petition, we agree with the respondent that the habeas court's decision to decline to issue a writ of habeas corpus was proper pursuant to Practice Book § 23-24 (a) (1).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Number 13-3, § 59, of the 2013 Public Acts amended subsections (b) (2), (c) and (e) of General Statutes (Rev. to 2013) § 54-125a to delete provisions permitting the reduction of time off a prisoner's parole eligibility date for risk reduction credit earned under § 18-98e.

[2] The constitution of the United States, article one, § 10, provides in relevant part: "No State shall . . . pass any . . . ex post facto Law . . . ."

<sup></sup> ³ Although perhaps well intentioned, it is not proper for a court that lacks subject matter jurisdiction over a given controversy to provide such guidance to litigants. See, e.g., *418 Meadow Street Associates, LLC* v. *Clean Air Partners, LLC*, 304 Conn. 820, 827 n.8, 43 A.3d 607 (2012) ("the [trial] court should have dismissed the action for lack of subject matter jurisdiction and proceeded no further" (internal quotation marks omitted)); *Nieves* v. *Cirmo*, 67 Conn. App. 576, 587 n.4, 787 A.2d 650 ("[t]he court is not an advocate and should not be placed in a position of making tactical decisions for the [parties] before it"), cert. denied, 259 Conn. 931, 793 A.2d 1085 (2002).

⁴ Although the court stated in its order that the second petition was "being returned," the court in substance declined to issue a writ of habeas corpus. See Practice Book § 23-24. As our Supreme Court recently explained, "by ordering the return of the petition, the court did not issue the writ. Ordering a petition returned is consistent with the court's not accepting the writ." *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 357 n.7, 253 A.3d 467 (2020).

⁵ In his appellate brief, the respondent states in relevant part: "If this court concludes . . . that the habeas court did have jurisdiction [over the second petition], the respondent concedes that the habeas court, *Newson, J.*, erred in declining to issue the writ under Practice Book § 23-24 on the ground that the [second petition] and the [first petition] were identical, because the petitions were not, in fact, identical. . . . If this court accepts the respondent's concession of error, the habeas court abused its discretion in denying the petitioner's petition for certification to appeal, and the decision of the habeas court declining to issue the writ therefore should be reversed."

⁶ The precedent of our Supreme Court instructs that an appellate court "need not decide whether the habeas court abused its discretion in denying certification to appeal when there is an alternat[ive] ground for affirming the decision of the habeas court . . . ." (Internal quotation marks omitted.) *Marquez* v. *Commissioner of Correction*, 330 Conn. 575, 591, 198 A.3d 562 (2019). In light of our conclusion that the habeas court lacked jurisdiction to issue the writ pursuant to Practice Book § 23-24 (a) (1), we need not decide the question of whether the court abused its discretion in denying the petition for certification to appeal. We likewise do not consider the petitioner's additional claims that the habeas court violated his right to due process by refusing to hold a hearing on the petition and that it abused its discretion in declining to furnish an articulation of its decision.

⁷ As our Supreme Court has observed, "[i]f any of [the] three enumerated circumstances exist, then the writ never issues in the first place, and the judicial authority is required to notify the petitioner [that] it declines to issue the writ. . . . Section 23-24 thus reverses the usual sequence followed in the ordinary civil case; the habeas petition first is filed with the court, and the writ issues and service of process occurs only if the court determines, after a preliminary review of the petition, that the petition pleads a nonfrivolous claim within the court's jurisdiction upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 557, 223 A.3d 368 (2020).

⁸ Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas relief can be granted; (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition; (4) the claims asserted in the petition are moot or premature; (5) any other legally sufficient ground for dismissal of the petition exists."

⁹ "An appellate court may affirm the judgment of the [habeas] court although it may have been grounded on a wrong reason," particularly when the question of subject matter jurisdiction is involved. *Jobe* v. *Commissioner of Correction*, 181 Conn. App. 236, 237 n.3, 186 A.3d 1219 (2018), aff'd, 334 Conn. 636, 224 A.3d 147 (2020); see also *Reinke* v. *Greenwich Hospital Assn.*, 175 Conn. 24, 29–30, 392 A.2d 966 (1978) (appellate court may "affirm a trial court's decision although based upon an erroneous ground if the same result is required by law").