******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LATUAN GAINEY *v.* COMMISSIONER OF CORRECTION
## (AC 39791)

Lavine, Prescott and Elgo, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of various crimes, sought a writ of habeas corpus. Shortly after the petitioner was released from incarceration and began serving his term of special parole, he was arrested and charged with risk of injury to a child and assault in the third degree. Thereafter, the petitioner was served with a notice of parole violation by the parole board on the basis of his failure to register with the state police deadly offender registry unit and his arrest while on parole. The petitioner was found to have violated the conditions of his release and the terms of his special parole, and was sentenced to incarceration for two years and six months of his remaining seven year term of special parole. The habeas court rendered judgment dismissing the habeas petition on the basis of the prior pending action doctrine, from which the petitioner, on the granting of certification, appealed to this court. While the appeal was pending in this court but before oral argument had occurred, the petitioner completed the term of imprisonment imposed by the parole board for the petitioner's violation of special parole. *Held* that the petitioner's appeal was moot: although the petitioner was still in the custody of the respondent Commissioner of Correction and his special parole would not expire for a number of years, the petitioner, who had been released from incarceration and readmitted to special parole, had obtained the relief he sought in his habeas petition, and there was no practical relief that this court could afford him; moreover, the petitioner's claim did not fall within the capable of repetition, yet evading review exception to the mootness doctrine, as it was unlikely, given the range of possible sentences for a parole violation, that a substantial majority of the appellate cases that contest a habeas court's dismissal, under the prior pending action doctrine, of a petition for a writ of habeas corpus seeking release from incarceration following the parole board's revocation of special parole would become moot as a result of the petitioner completing the term of reimprisonment before the appeal was resolved.

Argued February 1—officially released April 24, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Joseph Patten Brown III*, with whom was *Delena Brown*, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. Following the habeas court's granting of certification to appeal, the petitioner, Latuan Gainey, appeals from the judgment of the habeas court sua sponte dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion by dismissing his petition for a writ of habeas corpus pursuant to the prior pending action doctrine. We dismiss the appeal as moot.

The following procedural history is relevant to our resolution of this appeal. On March 17, 2015, the petitioner pleaded guilty to the charges pending against him in two consolidated criminal files in Waterbury for offenses he committed on March 20, 2014, and May 20, 2012.[1] At that time, the petitioner was sentenced to serve concurrent sentences of two and one-half years incarceration and seven years of special parole.[2]

On April 7, 2015, the petitioner filed a self-represented petition for a writ of habeas corpus (first petition).[3] On September 11, 2015, the petitioner was released from incarceration and began serving his term of special parole. On September 23, 2015, the petitioner was arrested and charged with risk of injury to a child in violation of General Statutes § 53-21 and assault in the third degree in violation of General Statutes § 53a-61 for incidents that took place one day after he was released from prison. In his brief on appeal, the petitioner represents that on September 24, 2015, he was served with a notice of parole violation by the Board of Pardons and Paroles (parole board) on the basis of his failure to register with the state police deadly offender registry unit and his September 23, 2015 arrest.

On December 8, 2015, the petitioner pleaded guilty to one count of breach of peace in the second degree for incidents that occurred on September 20, 2015, and received an unconditional discharge. The petitioner appeared before the parole board for an evidentiary hearing on December 28, 2015. The parole board found that the petitioner had violated the conditions of his release and the terms of his special parole. See footnote 1 of this opinion. The parole board, therefore, sentenced the petitioner to incarceration for two years and six months of his remaining seven year term of special parole.

On September 26, 2016, the petitioner filed a self-represented petition for a writ of habeas corpus (second petition), which is the petition at issue in the present appeal.[4] On September 29, 2016, the habeas court sua sponte dismissed the second petition on the basis of the prior pending action doctrine.[5] See Practice Book § 23-29 (5).[6] The habeas court granted the petition for certification to appeal from the judgment dismissing the second petition.

The petitioner appealed, claiming that the habeas

court committed legal error by dismissing his second petition under the prior pending action doctrine and that he was entitled to a hearing on his second petition before it could be dismissed. While the appeal was pending in this court, but before oral argument had occurred, the petitioner completed the term of imprisonment imposed by the parole board for the petitioner's violation of special parole on September 11, 2015. Thus, during oral argument, the respondent, the Commissioner of Correction, suggested that the appeal was moot. Following oral argument, we sua sponte ordered the parties to provide certain information and submit simultaneous supplemental briefs addressing whether the petitioner's appeal was moot.[7]

In their responses to our sua sponte order, the parties agree that the petitioner has completed the term of his reincarceration, has been readmitted to special parole, and is now residing in a halfway house in Waterbury.[8] In his supplemental brief, the respondent argues that the appeal is moot because the remedy the petitioner sought in his second petition was release from incarceration and to be readmitted to special parole, which has taken place. Consequently, he asserts, there is no practical relief that this court can grant the petitioner. The respondent also argues that the issue on appeal is not subject to the capable of repetition, yet evading review exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995).

In his supplemental brief, the petitioner acknowledges that he has been readmitted to special parole but argues that the appeal is not moot because he is still in the custody of the respondent and his special parole will not end until September 9, 2022. Although the petitioner is correct that he is still in the custody of the respondent and his special parole will not expire for some years, that is not the issue with respect to the appeal. In his second petition, the petitioner challenged the parole board's finding that he had violated his special parole and sentenced him to incarceration. The relief he sought pursuant to the second petition was to be released from incarceration and readmitted to special parole. Due to the passage of time, the petitioner has been released from incarceration and is now on special parole, living in a halfway house. Therefore, because the petitioner obtained the relief he sought, there is no practical relief this court can afford him and his appeal is moot.

"Mootness implicates the subject matter jurisdiction of this court. . . . We will not decide questions where there exists no actual controversy or where no actual or practical relief can follow from our determination. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . Moreover, [w]hen, during the pendency of an appeal, events have occurred that pre-

clude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Peart* v. *Psychiatric Security Review Board*, 41 Conn. App. 688, 691, 678 A.2d 488 (1996); see also id. (relief originally sought by plaintiff was decision transferring him to less restrictive hospital, and because plaintiff since obtained requested relief, appeal was moot).

In his supplemental brief, the petitioner argues that the issue on appeal is subject to the capable of repetition, yet evading review exception to the mootness doctrine. We disagree.

"To qualify under this exception, an otherwise moot question must satisfy the following three requirements: First, the challenged action, or the effect of the challenged action, by its very nature, must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." (Internal quotation marks omitted.) *We the People of Connecticut, Inc.* v. *Malloy*, 150 Conn. App. 576, 583, 92 A.3d 961, cert. denied, 314 Conn. 919, 100 A.3d 850 (2014); see also *Loisel* v. *Rowe*, supra, 233 Conn. 382–83.

"The first element in the analysis pertains to the length of the challenged action." *Loisel* v. *Rowe*, supra, 233 Conn. 383. "If an action or its effects is not of inherently limited duration, the action can be reviewed the next time it arises, when it will present an ongoing live controversy. Moreover, if the question presented is not strongly likely to become moot in the substantial majority of cases in which it arises, the urgency of deciding the pending case is significantly reduced. . . . [A] party typically satisfies this prong if there exists a functionally insurmountable time [constraint] . . . ." (Citations omitted; internal quotation marks omitted.) *Patterson* v. *Commissioner of Correction*, 112 Conn. App. 826, 835–36, 964 A.2d 1234 (2009).

In the present appeal, the exception to the mootness doctrine requires that there be a functionally insurmountable time constraint inherent in dismissing a petition for a writ of habeas corpus for a petitioner who has been incarcerated for a portion of his term of special parole; additionally, the time constraint must create a strong likelihood that a substantial majority of cases challenging the dismissal of the petition under the prior pending action doctrine will become moot before the

appeal is resolved. A petitioner whose special parole has been revoked faces imprisonment over the term of special parole that may vary in length from a minimum of one year to a maximum of ten years per offense. For certain crimes, and under certain circumstances, the term of special parole may be longer. See General Statutes § 54-125e (c);[9] see also *State* v. *Brown*, 310 Conn. 693, 710, 80 A.3d 878 (2013) (legislature has not expressed intention to prevent trial court from imposing sentences of special parole consecutively). Consequently, given the range of possible sentences for a parole violation, it is unlikely that a substantial majority of the appellate cases that contest the habeas court's dismissal, under the prior pending action doctrine, of a petition for a writ of habeas corpus seeking release from incarceration following the parole board's revocation of special parole will become moot as the result of the petitioner's completing the term of reimprisonment before the appeal is resolved. The petitioner, therefore, has failed to meet the first prong of *Loisel.* The petitioner's claim does not qualify for review under the capable of repetition, yet evading review exception to the mootness doctrine, because it cannot satisfy *Loisel*'s three requirements required for review.[10] See *We the People of Connecticut, Inc.* v. *Malloy*, supra, 150 Conn. App. 583. For the foregoing reasons, we dismiss the appeal as moot.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner was charged with two counts of carrying a pistol without a permit in violation of General Statutes § 29-35, one count of reckless endangerment in the first degree in violation of General Statutes § 53a-63, and one count of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a).

[2] The petitioner also was ordered to register as a deadly weapon offender.

[3] In his first petition, the petitioner alleged that the plea agreement underlying his guilty pleas was breached because he received only 619 days of jail time credit rather than 734 days of jail time credit that he was promised. The petitioner contended that he "agreed to plead guilty because [he] was told that [he] would be granted all [his] jail credit from 6-12-12 to 6-20-13 and 3-21-14 to 3/17-15, which is a total of 734 days, not 619, not because [he] was guilty." He claimed, therefore, that he was entitled either to the promised jail time credit or to withdraw his guilty plea. The first petition is not at issue in this appeal.

[4] The second petition concerns the parole board's determination that the petitioner had violated his special parole, its revocation of his special parole, and its imposition of a sentence of incarceration of two years and six months. The parole board's determination was predicated in part on the petitioner's arrest for risk of injury to a child and assault in the third degree while on parole, and his subsequent guilty plea to breach of peace. The petitioner alleged that his renewed incarceration violated his right to due process because he was not permitted to attend a preliminary hearing on the question of whether he had violated his special parole and only was permitted to attend the hearing on the question of whether his special parole should be revoked. The petitioner, therefore, alleged that he was unable to cross-examine witnesses who accused him of violating his special parole and to present alibi evidence. Consequently, the petitioner alleged that the parole board based its determination that he had violated his special parole on "incorrect" evidence and false documents.

[5] "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to

obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . The policy behind the prior pending action doctrine is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." (Citation omitted; internal quotation marks omitted.) *Selimoglu* v. *Phimvongsa*, 119 Conn. App. 645, 649, 989 A.2d 121, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010).

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, *upon its own motion* or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(5) any other legally sufficient ground for dismissal of the petition exists." (Emphasis added.)

[7] We sua sponte ordered "that both parties attempt to agree upon a stipulation of facts regarding:

"1. Where the petitioner presently resides;

"2. The petitioner's status, i.e., whether he is on special parole;

"3. Is the petitioner subject to the custody of the commissioner of correction;

"4. Whether the petitioner has a release date, and if so, what is that date;

"The parties may stipulate to other facts that they believe will aid this court in resolving the question of mootness. If the parties are able to stipulate to some or all of the requested facts, they shall file a joint stipulation with the Appellate Court clerk no later than February 16, 2018. If the parties are unable to stipulate to all of the requested facts, each party shall separately file with the Appellate Court clerk, on or before February 16, 2018, a letter, with supporting documentation, setting forth the facts as they believe them to be with respect to the question of mootness.

"The parties are further ordered to file simultaneous supplemental briefs, of no more than [five] pages, on or before February 16, 2018, addressing the issue of whether the appeal is moot, and if so, whether it is capable of repetition yet evading review. See *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995)."

[8] The petitioner was released from incarceration on November 22, 2017.

[9] General Statutes § 54-125e (c) provides that "[t]he period of special parole shall be not less than one year or more than ten years, except that such period may be for more than ten years for a person convicted of a violation of subdivision (2) of section 53-21 of the general statutes in effect prior to October 1, 2000, subdivision (2) of subsection (a) of section 53-21 or section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b or sentenced as a persistent dangerous felony offender pursuant to subsection (i) of section 53a-40 or as a persistent serious felony offender pursuant to subsection (k) of section 53a-40."

[10] Moreover, we conclude that the petitioner cannot serve as a surrogate for a reasonably identifiable group, as the issue in the present case is one of first impression and is not likely to arise again. See *Loisel* v. *Rowe*, supra, 233 Conn. 384–87. Because it is not likely to arise again and the issue is limited to the petitioner, it, therefore, lacks public importance. See id., 387.