******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# PETER BORIA *v.* COMMISSIONER OF CORRECTION
## (AC 39715)

Prescott, Moll and Bishop, Js.

*Syllabus*

The petitioner, who previously had been convicted, on a guilty plea, of robbery in the first degree and of being a persistent dangerous felony offender, filed a third petition for a writ of habeas corpus, claiming, inter alia, that amendments to the risk reduction earned credits statute (§ 18-98e) violated the ex post facto clause of the federal constitution and that his guilty plea was not knowingly and voluntarily made. The habeas court, sua sponte, dismissed the third petition without a hearing. With respect to the petitioner's ex post facto claim regarding risk reduction earned credits, the court concluded that it lacked jurisdiction because there was no cognizable liberty interest to such credit. The court also dismissed the petitioner's challenge to the voluntariness of his guilty plea as an improper successive claim. From the judgment rendered thereon, the petitioner, on the granting of certification, appealed to this court. *Held:*

1. The petitioner could not prevail on his claim that the habeas court improperly dismissed the portion of his third habeas petition alleging an ex post facto violation regarding statutory amendments to the risk reduction earned credit program: the petitioner's claim that the habeas court's dismissal of his petition without holding a hearing violated the applicable rule of practice (§ 23-40) was unavailing, as the third petition alleged only the deprivation of risk reduction earned credit, which our Supreme Court and this court previously have held is insufficient to invoke the habeas court's jurisdiction, and, thus, in light of that binding precedent establishing the habeas court's lack of jurisdiction, the habeas court was not obligated to grant the petitioner a hearing before dismissing the habeas petition and acted properly in dismissing this portion of the petitioner's third habeas petition; moreover, the habeas court's dismissal for lack of jurisdiction was proper, as § 18-98e, which provides that an inmate made by eligible to earn risk reduction credit at the discretion of the respondent Commissioner of Correction, does not support an expectation that an inmate will automatically earn risk reduction credit or will necessarily retain such credit once it has been awarded, like parole eligibility, there is no cognizable liberty interest in earning risk reduction credits in order to obtain an earlier end of sentence date, and the claim did not implicate the ex post facto clause given that the petitioner committed the underlying robbery in 2009, prior to the enactment of the risk reduction earned credit statutes, and, thus, that the statutory amendment excluding persistent dangerous felony offenders for risk reduction earned credit eligibility simply put the petitioner in the same position that he was in when he committed the offense for which he was sentenced.

2. The habeas court properly dismissed the third habeas petition pursuant to the rule of practice (§ 23-29) that allows for the dismissal of a pending habeas petition without a hearing if a previous petition was brought on the same grounds and the new petition did not state new facts or proffer new evidence not reasonably available at the pervious hearing; although the habeas court incorrectly concluded that the petitioner's claim involving the voluntariness of his plea was an improper successive claim, as it had not been raised in any prior habeas petition, the dismissal was nonetheless proper under the doctrine of collateral estoppel, as the first and third habeas petitions, which alleged different claims, were predicated on the same underlying factual allegation, namely, that the petitioner was not aware of the charges pending against him, that central factual allegation necessary to sustain the petitioner's claim of an involuntary plea was fully and fairly litigated and decided adversely to the petitioner in the first habeas action, and, therefore, the petitioner was precluded by collateral estoppel from litigating the same issue in regard to his claim of an involuntary plea.

*(One judge concurring separately)*

Argued September 14—officially released December 4, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment dismissing the habeas petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Nicholas A. Marolda*, assigned counsel, with whom, on the brief, was *Temmy Ann Miller*, assigned counsel, for the appellant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, and *Stephen R. Finucane*, assistant attorney general, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Peter Boria, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus pursuant to Practice Book § 23-29.[1] The petitioner claims that the habeas court improperly dismissed his claim (1) that amendments to the risk reduction earned credits statute in 2013 and 2015 violated the ex post facto clause of the United States constitution[2] and (2) that his right to due process had been violated because his guilty plea in his underlying criminal case was not knowingly and voluntarily made. As to the first claim, we disagree and, accordingly, affirm that aspect of the judgment of the habeas court. As to the second claim, although we agree with the petitioner that the habeas court should not have dismissed that claim as an improper successive petition under Practice Book § 23-29, we affirm that aspect of the judgment on the alternative ground that it was barred by collateral estoppel.[3]

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The petitioner currently is serving a sentence of twenty years of incarceration after pleading guilty on October 6, 2009, to the charges of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and to being a persistent dangerous felony offender in violation of General Statutes § 53a-40.

On July 18, 2011, the petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of trial counsel in violation of the sixth and fourteenth amendments to the United States constitution (first petition). Among other things, the first petition specifically alleged that, prior to his election to plead guilty, "[d]efense counsel failed to inform the petitioner of the applicable [charges] against him," including that the petitioner was being charged as a persistent dangerous felony offender. On July 13, 2013, the habeas court issued an oral ruling denying the first petition, and the petitioner did not appeal therefrom.

On February 8, 2016, the petitioner filed two additional habeas petitions. One petition, docketed as TSR-CV-16-4007851-S (second petition), was filed pro se and sought the restoration of good time credits that the petitioner claimed he was eligible for and had been receiving. The habeas court, *Oliver, J.*, dismissed the second petition for lack of jurisdiction pursuant to Practice Book § 23-24 (a) (1).[4] The petitioner filed a petition for certification to appeal, which was granted by the habeas court. The petitioner's appeal from the dismissal of the second petition was heard alongside this appeal, and the judgment of the habeas court was summarily affirmed by this court in a memorandum decision (AC 39028).[5]

The other petition was docketed as TSR-CV-16-4008315-S (third petition), and it is that petition that underlies the present appeal. In the third petition, the petitioner raised several claims, including an ex post facto challenge to legislative amendments to the risk reduction earned credit statutes and that his guilty plea was not voluntarily made. The risk reduction earned credit statutes provide that certain prisoners convicted of crimes committed after October 1, 1994, "may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction" for certain positive behaviors while incarcerated. General Statutes § 18-98e (a). Number 13-3, § 59, of the 2013 Public Acts, effective July 1, 2013, eliminated statutory language that previously permitted a prisoner's parole eligibility date to be advanced by the application of risk reduction earned credits.[6] Number 15-216, § 9, of the 2015 Public Acts, effective October 1, 2015, amended General Statutes § 18-98e to exclude inmates convicted of being a persistent dangerous felony offender from earning risk reduction credits.

On September 7, 2016, the habeas court, *Oliver, J.*, sua sponte dismissed the third petition pursuant to Practice Book § 23-29. With respect to the petitioner's ex post facto claim regarding risk reduction earned credits, the court dismissed that claim for lack of jurisdiction because it concluded that there was no cognizable liberty interest in such credits. See Practice Book § 23-29 (1).

Additionally, the habeas court dismissed the petitioner's challenge to the voluntariness of his guilty plea as an improper successive claim. See Practice Book § 23-29 (3). Regarding that claim, the court stated in its judgment of dismissal that "the instant petition presents the same ground as a prior petition previously denied (TSR-CV-11-4004269-S) and fails to state new facts or proof of new evidence reasonably available at the time of the prior petition." The habeas court also concluded that, in a prior habeas proceeding, the habeas court found that the "petitioner was made aware of his persistent felony offender status and the prosecuting authority's filing of a 'part B' information." The court granted certification to appeal, and this appeal followed.

We begin by setting forth our standard of review for a challenge to the dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [If] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the

underlying facts found by the habeas court unless they are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 301–302, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

I

We first address the petitioner's claim that the habeas court improperly dismissed that portion of the third petition alleging an ex post facto violation regarding statutory amendments to the earned risk reduction credit program. There are two aspects to this claim. The petitioner argues that the court improperly (1) failed to hold a hearing before dismissing the petition, and (2) dismissed the claim for lack of jurisdiction.[7] We are not persuaded by the petitioner's contentions.

A

The petitioner first argues that the habeas court improperly dismissed the third petition on its own motion without holding a hearing. Specifically, the petitioner argues that the court's failure to hold a hearing on the third petition violated Practice Book § 23-40 and deprived him of his right to such a hearing under *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 644 A.2d 340 (1994), General Statutes § 52-470, and Practice Book § 23-29. We disagree that a hearing was required in this case.

Whether the habeas court was required to hold a hearing prior to dismissing a habeas petition presents a question of law subject to plenary review. *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 82, A.3d , cert. denied, 330 Conn. 933, A.3d (2018). "Pursuant to Practice Book § 23-29, the habeas court may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (1) the court lacks jurisdiction . . . ." (Internal quotation marks omitted.) *Holliday* v. *Commissioner of Correction*, 184 Conn. App. 228, 234, A.3d (2018); see also *Gilchrist* v. *Commissioner of Correction*, 180 Conn. App. 56, 182 A.3d 690 (habeas court had no obligation to conduct hearing before dismissing petition pursuant to Practice Book § 23-29), cert. granted, 329 Conn. 908, 186 A.3d 13 (2018).

In *Holliday*, the petitioner filed a petition for a writ of habeas corpus in which he alleged that legislative changes to the risk reduction earned credit statute violated the ex post facto clause of the United States constitution. *Holliday* v. *Commissioner of Correction*, supra, 184 Conn. App. 232. The habeas court dismissed the petition pursuant to Practice Book § 23-29, and the petitioner appealed from the judgment claiming that the court erred in dismissing his petition (1) for lack of jurisdiction and (2) without notice or a hearing. Id., 230. This court held that, for purposes of the habeas

court's subject matter jurisdiction, which is predicated on the deprivation of a recognized liberty interest, there is no liberty interest in the application of risk reduction earned credit toward an inmate's parole eligibility. Id., 233–34. Additionally, this court held that the habeas court was not required to provide notice or a hearing before dismissing the petition. Id., 236.

Although, under Practice Book § 23-40, "[h]abeas petitioners generally have the right to be present at any evidentiary hearing and at any hearing or oral argument on a question of law which may be dispositive of the case . . . Practice Book § 23-40 speaks only to the petitioner's right to be present at an evidentiary hearing when such a hearing is held. Such hearings are not always required, as Practice Book § 23-29 authorizes the court to dismiss a habeas petition on its own motion. . . .

"[A] petitioner's right to a hearing before a habeas court is not absolute. . . . [T]his court [has] held that the habeas court acted properly in dismissing a habeas petition pursuant to Practice Book § 23-29 without first holding a hearing because it could be determined from a review of the petition [that] the petitioner had not satisfied his obligation to allege sufficient facts in his pleading to establish jurisdiction." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Holliday* v. *Commissioner of Correction*, supra, 184 Conn. App. 236–37.[8]

Here, as in *Holliday*, the habeas court could determine from a review of the third petition that the petitioner had failed to allege sufficient facts to establish jurisdiction. The third petition alleged only the deprivation of risk reduction earned credit, which our Supreme Court and this court have held is insufficient to invoke the habeas court's jurisdiction. See *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 373–74, 163 A.3d 597 (2017); *Holliday* v. *Commissioner of Correction*, supra, 237–38. Therefore, in light of binding precedent establishing the habeas court's lack of subject matter jurisdiction,[9] we find that the habeas court was not obligated to grant the petitioner a hearing before dismissing the petition and acted properly in dismissing this portion of the third petition.

B

The petitioner next argues that the habeas court improperly dismissed for lack of jurisdiction that portion of the third petition alleging an ex post facto violation regarding statutory amendments to the earned risk reduction credit program. Although the petitioner recognizes that ordinarily the habeas court's subject matter jurisdiction is predicated on the deprivation of a recognized liberty interest, the petitioner argues that "no liberty interest is required for the petitioner to raise a cognizable ex post facto claim," and that being excluded

from earning risk reduction credits guarantees that the petitioner will be incarcerated longer, violating the ex post facto clause. We disagree.

The following additional facts are relevant to this claim. In 2011, while the petitioner was incarcerated, the legislature enacted General Statutes § 18-98e. Section 18-98e authorizes the Commissioner of Correction to award, in his or her discretion, risk reduction earned credits. The risk reduction earned credit program allows an eligible convicted prisoner to earn credit toward a reduction of his or her sentence. In 2015, the General Assembly amended § 18-98e, rendering persistent dangerous felony offenders, such as the petitioner, ineligible to earn risk reduction credits. See Public Acts 2015, No. 15-216, § 9 (a).

We turn to our standard of review and applicable legal principles for this claim. "It is well settled that [a] determination regarding a trial court's subject matter jurisdiction is a question of law and, therefore, we employ the plenary standard of review and decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 731, 125 A.3d 1053 (2015), cert. dismissed, 324 Conn. 912, 153 A.3d 1288 (2017).

"With respect to the habeas court's jurisdiction, [t]he scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. . . . In other words, a petitioner must allege an interest sufficient to give rise to habeas relief. . . . In order to . . . qualify as a constitutionally protected liberty [interest] . . . the interest must be one that is assured either by statute, judicial decree, or regulation." (Citations omitted; internal quotation marks omitted.) *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 85. Our Supreme Court and this court have held that there is no liberty interest in the application of risk reduction eligibility credit toward an inmate's parole eligibility. *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 371; *Green* v. *Commissioner of Correction*, supra, 85.

In the present case, the petitioner argues that "[t]he court's basis for concluding that it lacked jurisdiction— that there [is] no recognized liberty interest in parole eligibility . . . cannot support the court's dismissal." (Internal quotation marks omitted.) The petitioner states that "parole eligibility is irrelevant" and that the statutory changes at issue "do not affect when the petitioner will become eligible for parole" but rather, "they affect only his end of sentence date." In other words, the petitioner attempts to draw a distinction between circumstances in which the loss of risk reduction credit

affects a prisoner's end of sentence date from those in which it affects a prisoner's parole eligibility date. Specifically, the petitioner argues that "by excluding [him] from the opportunity to earn [risk reduction credits] . . . the probability that his sentence will increase, and that he will be incarcerated longer . . . is guaranteed," and that this is a violation of the ex post facto clause.

"Pursuant to § 18-98e . . . an inmate is not guaranteed a certain amount of risk reduction credits per month—or, in fact, any credits at all." *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 86. As we stated in *Green*, "[t]he fact that the commissioner is vested with such broad discretion in implementing the [risk reduction earned credit] program is significant. Our appellate courts have concluded, consistently, that an inmate does not have a constitutionally protected liberty interest in certain benefits—such as good time credits, risk reduction credits, and early parole consideration—if the statutory scheme pursuant to which the commissioner is authorized to award those benefits is discretionary in nature." Id., 86–87.

"[T]he plain language of § 18-98e (a) . . . provides that an inmate may be eligible to earn risk reduction credit at the discretion of the [respondent] . . . [who] may, in his or her discretion, cause the loss of all or a portion of such earned risk reduction credit for any act of misconduct or insubordination or refusal to conform to recommended programs or activities or institutional rules occurring at any time during the service of the sentence or for other good cause. Although the legislature has provided guidance to the respondent as to how to exercise his discretion, the respondent still has broad discretion to award or revoke risk reduction credit. As such, the statute does not support an expectation that an inmate will automatically earn risk reduction credit or will necessarily retain such credit once it has been awarded." (Citations omitted; internal quotation marks omitted.) *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 372.

Like parole eligibility, there is no cognizable liberty interest in earning risk reduction credits in order to obtain an earlier end of sentence date. In *Green*, we held that, although the petitioner argued that the loss of risk reduction credit "[bore] directly on the duration of his sentence," the court did not have jurisdiction over the claim. *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 84. Moreover, the claim fails to implicate the ex post facto clause. The traditional approach in determining whether a colorable ex post facto claim exists requires us to compare the statute that was in effect at the time of the petitioner's offense to the challenged statute. See *Perez* v. *Commissioner of Correction*, supra, 326 Conn. 378–80. In the present case, the petitioner committed the robbery underlying

his conviction in 2009, prior to the enactment of the risk reduction earned credits statutes. Therefore, the statutory amendment excluding persistent dangerous felony offenders for risk reduction earned credit eligibility simply put the petitioner in the same position that he was in when he committed the offense for which he was sentenced. The fact that the claimed liberty interest in the present matter pertains to the petitioner's maximum release date, rather than his date of parole eligibility, is immaterial because the sentence that the petitioner received based on the statutory scheme in effect at the time he committed the offense has not been changed. No ex post facto violation occurred, and no cognizable liberty interest is implicated by the petitioner's loss of risk reduction earned credits. Accordingly, the habeas court properly dismissed this portion of the third petition.

## II

We next address the petitioner's claim that the habeas court improperly dismissed that portion of the third petition alleging that his guilty plea was not voluntary on the ground that the claim constituted an improper successive petition pursuant to Practice Book § 23-29 (3). Specifically, the petitioner argues that the third petition presents new grounds that were neither raised in the first petition nor litigated at the habeas trial in that case. According to the petitioner, because the first petition alleged ineffective assistance of counsel, and not a freestanding due process claim challenging the voluntariness of his plea, the claim raised in the third petition was not improperly successive. Although the respondent, the Commissioner of Correction (commissioner), concedes that the habeas court improperly dismissed the third petition for being improperly successive, it contends that the judgment of dismissal nonetheless should be affirmed because the factual basis for the petitioner's claim was fully and fairly litigated and decided adversely to him in the first habeas action. We agree with the commissioner and, therefore, affirm the habeas court's judgment dismissing this count on the alternative ground that the claim is barred by collateral estoppel.[10]

We begin our analysis by reviewing the doctrines of res judicata and collateral estoppel in habeas corpus proceedings. Pursuant to Practice Book § 23-29, "[i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Footnote omitted; internal quotation marks omitted.) *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 277, 35 A.3d 337, cert. granted, 304 Conn. 910, 39 A.3d 1120 (2012) (appeal dismissed May 1, 2013). "[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief.

. . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Emphasis omitted; internal quotation marks omitted.) Id., 278.

"Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . In fact, the ability to dismiss a petition [if] it presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition is memorialized in Practice Book § 23-29 (3)." (Citations omitted; internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64–65, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

"[T]he application of the doctrine of res judicata is limited in habeas actions to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 310. This court has held that "the principle of claim preclusion applie[s] when identical claims [are] argued on direct appeal and habeas review." (Emphasis omitted.) *Diaz* v. *Commissioner of Correction*, supra, 125 Conn. App. 66.

The first petition and the third petition do not present identical claims. The first petition asserted a claim of ineffective assistance of counsel. The third petition asserts a freestanding due process claim that the petitioner's plea was involuntary. Therefore, the habeas court in the present case, as the commissioner concedes, incorrectly concluded that the petitioner's claim involving the voluntariness of his plea was an improper successive claim because it was precluded by the doctrine of res judicata. Simply put, the petitioner had not raised the instant claim in any of the prior habeas petitions.

We nonetheless agree with the commissioner that we should affirm the habeas court's judgment on the alternative ground of collateral estoppel. "Under [Practice Book § 23-29 (5)], the court may dismiss [a habeas] petition or any count thereof if it determines that any other legally sufficient ground for dismissal of the petition exists." (Internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 147 Conn. App. 748, 758 n.8, 83 A.3d 1174, cert. denied, 311 Conn. 928, 86 A.3d 1057 (2014).

"The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and

finality. . . . Collateral estoppel . . . is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . [C]ollateral estoppel [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. App. 310–11.

We previously have affirmed judgments of the habeas court on the alternative ground of collateral estoppel. In *Johnson*, the petitioner alleged that his third habeas counsel was ineffective because she did not raise the issue of whether trial counsel was ineffective for failing to file a motion for a competency evaluation. Id., 308. The habeas court dismissed the claim as an improper successive claim under the doctrine of res judicata. Id. This court held that the claim was dismissed on improper grounds because the petitioner had not raised the identical claim in any of his prior habeas petitions. Id., 309. This court, however, affirmed the dismissal of the petitioner's claim on the alternative ground of collateral estoppel under Practice Book § 23-29 (5).[11] Id., 312.

We agree with the commissioner that the central factual allegation necessary to sustain the petitioner's claim of an involuntary plea was fully and fairly litigated and decided adversely to the petitioner in the first habeas action. In the first petition, the petitioner set forth a claim of ineffective assistance of counsel premised on an allegation that his counsel failed to inform him of the applicable charges against him. In adjudicating that claim of ineffective assistance of counsel, the first habeas court was required to decide whether his defense counsel had failed to inform him of all of the charges, including the persistent dangerous felony offender charge. In the third petition, the petitioner claims that his plea was involuntary because he was not aware that he was pleading guilty to being a persistent dangerous felony offender. Therefore, although the first and third petitions present different claims, they are predicated on the same underlying factual allegation, namely, that the petitioner was not aware of the charges

pending against him. The claim presented in the third petition depends on this factual allegation, which was fully and fairly litigated in the previous habeas proceeding and was decided adversely to him in that case by the habeas court.

Specifically, in its memorandum of decision denying the first habeas petition, the habeas court, *Newson, J.*, found that counsel credibly testified that the petitioner was informed that he was being charged as a persistent dangerous felony offender. The memorandum of decision stated that the court credited defense counsel's testimony that defense counsel had properly discussed and advised the petitioner of the facts and circumstances of the case. The court found that the petitioner had admitted that he understood the fact that he was facing a part B information as a persistent dangerous felony offender and that he was exposed to a sixty year sentence.

Further, Judge Newson stated, "[a]nd so again, the substance and the length of the visits is not necessarily a correlation to the quality or the information that's delivered in those visits and the court credits counsel's testimony that the petitioner was aware. Additionally, there's a plea canvass which the petitioner appears to have made it through without any significant issues, any questions, any lack of understanding, and the law indicates that the court is allowed to rely on those answers and responses as credible and accurate when given. And when an individual is asked if he or she has any questions or lacks any understanding during the plea canvass and can answer that in the negative, then the court is allowed to accept that as accurate and truthful when given and that again presents issues when a petitioner later comes in a habeas and claims that he did not or does not understand."

Finally, the court stated, "[a]nd again, so the record is clear . . . I found in general that counsel appeared to be competent and knowledgeable . . . *I credit her testimony that she provided the petitioner with all of the information necessary for him to make a knowing, intelligent, and voluntary guilty plea.*" (Emphasis added.) Therefore, whether the petitioner entered his plea knowing that he was pleading guilty to being a persistent dangerous felony offender was a fact that was fairly litigated and actually decided by the habeas court.

Because the habeas court necessarily decided adversely to the petitioner the underlying issue of whether he knew that he was pleading guilty to being a persistent dangerous felony offender in a previous habeas hearing, the petitioner is precluded by collateral estoppel from litigating the same issue in regard to his claim of an involuntary plea. The habeas court thus properly dismissed the third petition pursuant to Practice Book § 23-29.

The judgment is affirmed.

In this opinion MOLL, J., concurred.

[1] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

[2] The constitution of the United States, article one, § 10, provides in relevant part: "No State shall . . . pass any . . . ex post facto Law . . . ."

[3] "[I]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 140 n.1, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009).

[4] Practice Book § 23-24 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction . . . ."

The petitioner, through appellate counsel, filed a motion for rectification and articulation asking the habeas court to articulate the legal and factual bases for its dismissal of the second petition, including, "what the [c]ourt understands the petitioner's claim(s) to be." The habeas court denied the motion for articulation and rectification, and the petitioner filed a motion for review of the habeas court's denial of that motion. This court granted the motion for review but denied the relief requested therein.

[5] Although the second petition appears to have significant overlap with the first claim of the underlying petition in the present appeal, the respondent, the Commissioner of Correction, did not move for the habeas court to dismiss the claim under the prior pending action doctrine; see *Gainey* v. *Commissioner of Correction*, 181 Conn. App. 377, 380 n.5, 186 A.3d 784 (2018); or for being an improper successive petition.

[6] Public Acts 2013, No. 13-3, § 59, amended subsections (b) (2), (c) and (e) of General Statutes § 54-125a to delete provisions permitting the reduction of time off of a prisoner's parole eligibility date for risk reduction credit earned under § 18-98e.

[7] For purposes of clarity, we address these claims in a different order than they were presented by the petitioner in his principal appellate brief.

[8] As we indicated in *Holliday*, "we urge the habeas court to exercise [the] authority [to dispose of a petition without a hearing] sparingly and limit its use to those instances in which it is plain and obvious that the court lacks jurisdiction over the habeas petition." (Internal quotation marks omitted.) *Holliday* v. *Commissioner of Correction*, supra, 184 Conn. App. 237.

[9] Although the analysis contained in Judge Bishop's concurrence has some appeal, we note that our Supreme Court has granted the petition for certification to appeal from this court's decision in *Gilchrist* v. *Commissioner of Correction*, supra, 180 Conn. App. 56, in order to decide whether a habeas petition may be disposed of pursuant to Practice Book § 23-29 by the habeas court without a hearing. Under these circumstances, and in light of the fact that we are bound by *Holliday*, we believe it is more prudent not to weigh in further with respect to this issue.

[10] "That the court relied on a wrong theory does not render the judgment erroneous. We can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *Tyson* v. *Commissioner of Correction*, 155 Conn. App. 96, 105 n.4, 109 A.3d 510, cert. denied, 315 Conn. 931, 110 A.3d 432 (2015).

[11] In *Johnson*, we stated that "[t]o establish that third habeas counsel was ineffective for failing to allege a claim that trial counsel was ineffective for failing to move for a competency evaluation, the petitioner would be required to prove that trial counsel was ineffective for failing to move for a competency evaluation. This already was decided, after a full evidentiary hearing, by the fifth habeas court . . . ." *Johnson* v. *Commissioner of Correction*, supra, 168 Conn. 311–12. Therefore, the petitioner's claim involving third habeas counsel "[was] barred by collateral estoppel because litigation

of that claim necessarily required relitigation of an issue that already [had] been fully and fairly decided in the fifth habeas action, specifically, whether trial counsel was ineffective for failing to move for a competency evaluation;" id., 311; and an earlier habeas proceeding "necessarily resolved an issue that would need relitigation if the claim involving third habeas counsel were to proceed . . . ." Id.

---