# PETER BORIA *v.* COMMISSIONER OF CORRECTION
## (SC 20459)

Robinson, C. J., and McDonald, Kahn,
Ecker and Keller, Js.

*Syllabus*

The petitioner, who had been convicted of robbery in the first degree, filed
a successive habeas petition, claiming, inter alia, that certain statutory
(§§ 18-98e and 54-125a) amendments to the law governing the earned
risk reduction credit violated the ex post facto clause of the United
States constitution and that his guilty plea was not voluntary. The habeas
court, sua sponte and without providing the petitioner with prior notice
or an opportunity to be heard, dismissed the petition pursuant to the
rules of practice (§ 23-29 (1) and (3)), concluding that it lacked subject
matter jurisdiction over the petitioner's ex post facto claim and that the
remaining claims were repetitious of claims that the petitioner had
brought in prior habeas petitions. On the granting of certification, the
petitioner appealed to the Appellate Court, which affirmed the habeas
court's judgment. Thereafter, the petitioner, on the granting of certifica-
tion, appealed to this court, claiming that the habeas court improperly
had dismissed his petition under § 23-29 without first providing him
with prior notice and an opportunity to be heard.

*Held* that the Appellate Court improperly upheld the habeas court's judgment
dismissing the petition under Practice Book § 23-29, and, accordingly,
this court reversed the Appellate Court's judgment and remanded the
case for further proceedings:

Because the issues raised by the parties and the merits of the underlying
arguments presented on appeal were identical to those in the companion

Boria *v.* Commissioner of Correction

case of *Brown* v. *Commissioner of Correction* (345 Conn. 1), this court's reasoning and conclusions in *Brown* controlled the present case.

Insofar as the habeas court failed to first determine whether any grounds existed for it to decline to issue the writ of habeas corpus after consideration of the criteria set forth in the rule of practice (§ 23-24) governing the issuance of such writs, the case was remanded so that the habeas court could determine whether the writ should issue, and, if the court issues the writ and again elects to exercise its discretion to dismiss the habeas petition sua sponte pursuant to Practice Book § 23-29, it must, in accordance with this court's decision in *Brown*, provide the petitioner with notice of its intent to dismiss the petition and an opportunity to submit a brief or a written response addressing the court's intent to dismiss pursuant to § 23-29.

(*One justice concurring separately*)

Argued September 15, 2021—officially released October 4, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Prescott* and *Moll, Js.*, with *Bishop, J.*, concurring, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Naomi T. Fetterman*, assigned counsel, with whom, on the brief, was *Temmy Ann Miller*, assigned counsel, for the appellant (petitioner).

*Kathryn W. Bare*, senior assistant state's attorney, and *Zenobia G. Graham-Days*, assistant attorney general, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (respondent).

*Opinion*

KAHN, J. This appeal is the companion case to *Brown* v. *Commissioner of Correction*, 345 Conn. 1,      A.3d (2022), which we also decide today. The petitioner, Peter Boria, appeals from the judgment of the Appellate

Boria *v.* Commissioner of Correction

Court affirming the judgment of the habeas court, which had dismissed his petition for a writ of habeas corpus pursuant to Practice Book § 23-29 sua sponte and without prior notice. See *Boria* v. *Commissioner of Correction*, 186 Conn. App. 332, 351, 199 A.3d 1127 (2018). The question certified in this appeal is the same as the question this court answers in *Brown*. See *Boria* v. *Commissioner of Correction*, 335 Conn. 901, 225 A.3d 685 (2020). For the reasons stated in *Brown*, we conclude that a dismissal under § 23-29 requires that a petitioner be afforded both prior notice and an opportunity to submit a brief or a written response. We therefore reverse the judgment of the Appellate Court and remand the case for further proceedings consistent with this opinion and our decision in *Brown*.

The following undisputed facts and procedural history are relevant to the present appeal. The petitioner pleaded guilty on October 6, 2009, to the charges of robbery in the first degree and being a persistent dangerous felony offender. *Boria* v. *Commissioner of Correction*, supra, 186 Conn. App. 335. The trial court imposed a sentence of twenty years of incarceration. Id. The petitioner did not appeal from that conviction.

The petitioner filed his first habeas petition in 2011, alleging ineffective assistance of trial counsel, in violation of the sixth and fourteenth amendments to the United States constitution. The habeas court denied the petition. Once again, the petitioner did not appeal. The petitioner filed his second habeas petition in 2016. See id., 336. In that case, the habeas court declined to issue the writ for lack of jurisdiction pursuant to Practice Book § 23-24 (a) (1) and rendered judgment dismissing the petition. See id. The petitioner appealed from the habeas court's judgment, and the Appellate Court summarily affirmed. Id.

The petitioner's third petition, also filed in 2016, is the subject of the present appeal. The petition asserts

Boria *v.* Commissioner of Correction

four claims: (1) the petitioner did not enter his guilty plea voluntarily, (2) the plea bargain was not followed, (3) the petitioner was denied the effective assistance of trial counsel, and (4) legislative changes to General Statutes § 54-125a (b) (2) in 2013; see Public Acts 2013, No. 13-3, § 59 (P.A. 13-3); and General Statutes § 18-98e (a) in 2015; see Public Acts 2015, No. 15-216, § 9 (P.A. 15-216); both of which govern the earned risk reduction credit (risk reduction credit), violated the ex post facto clause of the United States constitution.[1]

The habeas court, *Oliver, J.*, dismissed the petition, sua sponte and without prior notice, pursuant to Practice Book § 23-29. Specifically, the habeas court dismissed the risk reduction credit challenge claim pursuant to § 23-29 (1) for lack of subject matter jurisdiction, and the remaining claims pursuant to § 23-29 (3) as repetitious. The habeas court then granted the petitioner's petition for certification to appeal, and the Appellate Court, in a divided opinion, affirmed the habeas court's judgment. See *Boria* v. *Commissioner of Correction*, 186 Conn. App. 351. This appeal followed.

The issues raised by the parties and the merits of the underlying arguments presented in this appeal are identical to those considered in *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 1, which we also decide today. We conclude that our examination of the same issues in *Brown* thoroughly resolves the claims in the present appeal and that there is nothing in this

---

[1] With respect to this fourth claim, the risk reduction credit statutes provided, prior to 2013, that certain inmates convicted of crimes committed on or after October 1, 1994, could earn risk reduction credit toward a reduction in their sentences. Public Act 13-3, § 59, however, eliminated statutory language that previously permitted an inmate's parole eligibility date to be advanced by the application of this credit. *Boria* v. *Commissioner of Correction*, supra, 186 Conn. App. 337. Furthermore, P.A. 15-216, § 9, precluded inmates convicted of being persistent dangerous felony offenders from earning such a credit. Id.

Boria *v.* Commissioner of Correction

case that would mandate a different result. Accordingly, we adopt the reasoning and conclusions in *Brown*.

Because the habeas court did not have the benefit of this court's decision in *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 553, 223 A.3d 368 (2020), we remand the present case for the habeas court to first determine whether any grounds exist for it to decline to issue the writ pursuant to Practice Book § 23-24. If the writ is issued, and the court elects once again to exercise its discretion to dismiss the habeas petition sua sponte pursuant to Practice Book § 23-29, it must, in accordance with the foregoing, provide the petitioner with prior notice and an opportunity to submit a brief or a written response.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the habeas court's judgment and to remand the case to that court for further proceedings consistent with this opinion and this court's decision in *Brown* v. *Commissioner of Correction*, supra, 345 Conn. 1.

In this opinion ROBINSON, C. J., and ECKER and KELLER, Js., concurred.

McDONALD, J., concurring in the judgment. I concur in the result because I agree with the majority that the judgment of the Appellate Court should be reversed and the case remanded to the habeas court so that it can determine whether any grounds exist for it to decline to issue the writ of habeas corpus pursuant to Practice Book § 23-24. For the reasons stated in my concurrence in the companion case that we also decide today; see *Brown* v. *Commissioner of Correction*, 345 Conn. 1, 18, A.3d (2022) (*McDonald, J.*, concurring); I do not agree with the majority's conclusion that, if the writ is issued and the court thereafter dismisses the petition on its own motion pursuant to Practice Book

Boria *v.* Commissioner of Correction

§ 23-29, the court need only provide the petitioner with notice and an opportunity to submit a written brief. As I discussed in detail in my concurrence in *Brown*, I believe that petitioners are also entitled to a hearing, as of right, prior to a court's dismissal of the petition pursuant to § 23-29. Because a habeas corpus action is a civil action; see, e.g., *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970); and because the habeas section of our rules of practice does not provide a "more specific [rule]," I would apply the "ordinary rules of civil procedure" to the present case. (Internal quotation marks omitted.) *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555, 223 A.3d 368 (2020). The application of these rules leads to the conclusion that a habeas petitioner is entitled to notice, the right to submit a written opposition, and an opportunity to be heard before a petition may be dismissed pursuant to § 23-29. Accordingly, I respectfully concur in the judgment.