******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# TERRANCE STEVENSON *v.* COMMISSIONER
# OF CORRECTION
## (AC 41911)

Bright, C. J., and Moll and Bishop, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder as an accessory and conspiracy to commit murder, sought a writ of habeas corpus, claiming that his sentence of sixty years of incarceration without the possibility of parole was illegal because it constituted cruel and unusual punishment under the federal and state constitutions in light of his age, eighteen years old, at the time of the crimes and the emerging science concerning juvenile brain development. Pursuant to the rule of practice (§ 23-29 (2)) governing the dismissal of habeas petitions, the habeas court rendered judgment dismissing the petition on the ground that the petition failed to state a claim on which habeas corpus relief could be granted. Thereafter, on the granting of certification, the petitioner appealed to this court. *Held*:

1. The habeas court improperly dismissed the habeas petition: that court, by dismissing the habeas petition pursuant to Practice Book § 23-29 (2) during its preliminary consideration of the petition and prior to issuing the writ of habeas corpus, failed to follow the proper procedure as outlined in *Gilchrist* v. *Commissioner of Correction* (334 Conn. 548); moreover, this court concluded that it was not appropriate to remand the case to the habeas court with direction to decline to issue the writ because the petition was not amenable to declination under the relevant rule of practice (§ 23-24 (a)), as there was no claim that the habeas court lacked jurisdiction over the petition, the petition advanced a claim that was not frivolous on its face and, because the petitioner is still incarcerated and advanced a colorable claim under our state constitution, the relief sought may be available; accordingly, the judgment was reversed and the case was remanded for further proceedings.

2. The respondent Commissioner of Correction could not prevail on his claim that the petitioner's state constitutional claim was procedurally defaulted because the habeas petition was not the proper procedural mechanism to pursue that claim; contrary to the respondent's assertion that this court should affirm the habeas court's judgment of dismissal even though the procedural default issue was not litigated in the habeas court, this court could not rely on the mere possibility of a successful procedural default defense as an ex post facto justification of the habeas court's dismissal, without a hearing, of the habeas petition pursuant to Practice Book § 23-29 (2).

Argued March 3—officially released July 27, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Kwak, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*David J. Reich*, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, was *Patrick J. Griffin*, state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Terrance Stevenson, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for failure to state a claim upon which habeas relief could be granted pursuant to Practice Book § 23-29 (2).[1] Specifically, the petitioner claims that the sentence of sixty years without the possibility of parole imposed after his underlying criminal trial is illegal because it constitutes cruel and unusual punishment under the United States and Connecticut constitutions, and that the habeas court could have determined that emerging science concerning juvenile brain development entitled him to a lesser sentence. We conclude that the habeas court improperly dismissed the habeas petition, and, accordingly, we reverse the judgment of the habeas court.

The following facts and procedural history are pertinent to our disposition of this appeal. The petitioner, whose date of birth is April 21, 1975, was accused of participating in a murder that occurred on March 21, 1994, when he was eighteen years old. On February 15, 1996, the petitioner was found guilty by a jury of murder as an accessory in violation of General Statutes §§ 53a-8 and 53a-54a (a), and conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a (a). On April 18, 1997, the trial court sentenced the petitioner to a total effective sentence of sixty years of incarceration without the possibility of parole.

The petitioner filed the underlying habeas petition on May 24, 2018, asserting that his sixty year sentence without the possibility of parole was unconstitutional under both the United States and Connecticut constitutions. His assertion is based on his argument that such a sentence is tantamount to a life sentence and that, in light of his age at the time the crimes were committed, such a sentence constitutes cruel and unusual punishment. In furtherance of that claim, and mindful of recent decisional law pertaining to such sentences imposed on those who were minors at the time of their offenses, the petitioner alleged that the science pertaining to juvenile traits "indicates that the same indicia of youth that made life imprisonment without parole unconstitutional for those under [eighteen] in [*Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)] also applies to [eighteen] year olds."

On June 6, 2018, the habeas court rendered a judgment of dismissal, stating: "The habeas corpus petition is dismissed and is being returned because the petition fails to state a claim upon which habeas corpus relief can be granted per . . . Practice Book § 23-29 (2). Judgment of dismissal is entered." On June 13, 2018, the petitioner filed a petition for certification to appeal to this court, which the habeas court denied. Nevertheless, the petitioner appealed to this court on July 25,

2018, arguing in part that the habeas court's denial of his petition for certification was an abuse of discretion. Additionally, on June 27, 2019, the petitioner filed a motion for permission to file a late amended petition for certification to appeal seeking reconsideration of the denial of his petition for certification to appeal, with an attached amended petition for certification to appeal. In that motion, the petitioner asserted that his case also relied on the Connecticut constitution. His motion and his amended petition for certification to appeal were granted on July 1, 2019.

I

The petitioner argues that he has a valid claim on which habeas corpus relief can be granted because the habeas court could determine that there is no significant difference between individuals "just under [eighteen] years old and those just over [eighteen] years old," thereby entitling him to relief under the United States and Connecticut constitutions.[2] Additionally, the petitioner makes the procedural argument that the court incorrectly dismissed his habeas petition without giving him an opportunity to be heard on the merits. The respondent, the Commissioner of Correction (commissioner), counters that we need not reach the merits of the petitioner's claim because, "[a]lthough the habeas court's judgment invokes [Practice Book] § 23-29 (2), the timing of the judgment and its reference to returning the petition reveals that it did so as part of its preliminary consideration of the [habeas] petition under [Practice Book] § 23-24 (a) (3). Accordingly, the habeas court should have declined to issue the writ rather than dismissing [the petition], and this case should be remanded to the habeas court with direction to decline to issue the writ of habeas corpus." Although we agree with the commissioner that we need not reach the underlying merits of the petitioner's claim, we disagree with the commissioner's assertion that we should treat the court's dismissal pursuant to Practice Book § 23-29 (2) as the practical equivalent of a declination to issue the writ under Practice Book § 23-24 (a) (3). Regardless, however, we conclude that the habeas petition facially is not amenable to declination pursuant to § 23-24 on the basis of the allegations set forth in the petition.

Pursuant to Practice Book § 23-24, once a petition for a writ of habeas corpus is filed in the Superior Court, "[t]he judicial authority shall promptly review [the] petition . . . to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that . . . the court lacks jurisdiction . . . the petition is wholly frivolous on its face . . . or . . . the relief sought is not available." Here, the habeas court did not exercise the gatekeeping function of the provision to decline to issue the writ. Rather, it was docketed by the court. Once a case is on the habeas docket, the court may dismiss a case for any of the reasons

enumerated in Practice Book § 23-29, which provides in relevant part that "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition . . . if it determines that . . . the court lacks jurisdiction . . . [or] the petition . . . fails to state a claim upon which habeas corpus relief can be granted . . . ." Although both § 23-24 and § 23-29 set forth separate bases on which a court may dispose of a petition without trial, the provisions are not altogether parallel. Section 23-24 focuses on the relief sought, and it provides a vehicle for the court to exercise a gatekeeping function to bar entry to the court of those cases in which it is patent that the court lacks jurisdiction over the claim, the petition is wholly frivolous on its face, or the relief requested in the petition is not available. Section 23-29 focuses instead on the nature of the claim set forth in a petition, and it applies only once the writ has been issued.

In *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 223 A.3d 368 (2020), our Supreme Court had occasion to clarify the proper procedure to be used when a habeas court engages in its preliminary consideration of a habeas petition under Practice Book § 23-24, in contrast to its authority to dismiss a petition under Practice Book § 23-29. In *Gilchrist*, the court stated that, "when a petition for a writ of habeas corpus alleging a claim of illegal confinement is submitted to the court, the following procedures should be followed. First, upon receipt of a habeas petition that is submitted under oath and is compliant with the requirements of Practice Book § 23-22 . . . the judicial authority must review the petition to determine if it is patently defective because the court lacks jurisdiction, the petition is wholly frivolous on its face, or the relief sought is unavailable. Practice Book § 23-24 (a). If it is clear that any of those defects are present, then the judicial authority should issue an order declining to issue the writ, and the office of the clerk should return the petition to the petitioner explaining that the judicial authority has declined to issue the writ pursuant to § 23-24. Practice Book § 23-24 (a) and (b). If the judicial authority does not decline to issue the writ, then it must issue the writ, the effect of which will be to require the [commissioner] to enter an appearance in the case and to proceed in accordance with applicable law. At the time the writ is issued, the court should also take action on any request for the appointment of counsel and any application for the waiver of filing fees and costs of service. See Practice Book §§ 23-25 and 23-26. After the writ has issued, all further proceedings should continue in accordance with the procedures set forth in our rules of practice, including Practice Book § 23-29." *Gilchrist* v. *Commissioner of Correction*, supra, 562–63. The procedure outlined in *Gilchrist* was not followed by the habeas court in the present case.

In *Gilchrist*, the habeas court dismissed the habeas

petition without notice to the petitioner or an opportunity to be heard on the ground that the "court lack[ed] jurisdiction pursuant to . . . Practice Book § 23-29 (1), as the petitioner was no longer in custody for the conviction being challenged at the time the petition was filed." (Internal quotation marks omitted.) Id., 552. Under those circumstances, our Supreme Court noted that "it is undisputed that the petitioner is not entitled to the appointment of counsel or notice and an opportunity to be heard in connection with the [habeas] court's decision to decline to issue the writ . . . ." Id., 563. Accordingly, the court remanded the case to the habeas court with direction to decline to issue the writ of habeas corpus. Id.

In the present case, however, such a remand would not be appropriate because the petition is not amenable to declination pursuant to Practice Book § 23-24. There is no claim that the habeas court lacked jurisdiction over the petition, the petition advances a claim that is not frivolous on its face, and, because the petitioner is still incarcerated and advances a colorable claim under our state constitution, the relief sought may be available. See Practice Book § 23-24. Indeed, in *State* v. *Miller*, 186 Conn. App. 654, 663, 200 A.3d 735 (2018), this court specifically noted, with respect to whether the "increased understanding of psychology and brain science that underlies our eighth amendment jurisprudence . . . justifies interpreting our state constitutional guarantees protecting against cruel and unusual punishment to apply to individuals who were nineteen years old when they committed the underlying offense," that "[w]e express no opinion regarding the merits of this novel claim." (Citation omitted.) Accordingly, in the present case, the writ should have issued, the case should have been docketed, and the habeas court should have appointed counsel.[3]

## II

The commissioner claims that the habeas petition "is not the proper procedural mechanism for the petitioner to pursue his state constitutional claim." Rather, the commissioner argues, relying on *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 779 A.2d 80 (2001), that, "before a petitioner can raise a challenge to the legality of his sentence in a habeas petition, he first must appeal the sentence directly or file a motion to correct the sentence pursuant to [Practice Book] § 43-22 with the trial court. A motion to correct is the appropriate procedural mechanism because it results in a more prompt consideration of the claim and a trial court, not the habeas court, has the authority to resentence a defendant if it is determined that the original sentence is illegal." (Internal quotation marks omitted.)

Relying on *Cobham*, the commissioner argues that we should affirm the court's dismissal even though the procedural default issue was not litigated in the habeas

court. Procedural default, however, is a special defense that the commissioner must raise in the pleadings and to which the petitioner is entitled to respond. Practice Book § 23-30 (b) provides: "The return shall respond to the allegations of the petition and shall allege any facts in support of *any claim of procedural default*, abuse of the writ, or any other claim that the petitioner is not entitled to relief." (Emphasis added.) Practice Book § 23-31 provides in relevant part: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief . . . the petitioner shall file a reply. . . . (c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue *despite any claimed procedural default. . . .*" (Emphasis added.) The record is devoid of any such procedural history, and, accordingly, although we are mindful of the holding of *Cobham*, we do not have the benefit of any factual allegations the petitioner may have in response to the commissioner's claim, raised for the first time in this appeal, that the petitioner should be procedurally barred from attacking his sentence through the vehicle of a habeas petition without first moving to correct his sentence as having been illegally imposed on him. Accordingly, we cannot rely on the mere possibility of a successful procedural default defense as an ex post facto justification of the habeas court's dismissal, without a hearing, of the habeas petition pursuant to Practice Book § 23-29.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon the motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ."

[2] We note that this court has recognized previously that claims similar to the petitioner's claim are meritless under the United States constitution. See, e.g., *Haughey* v. *Commissioner of Correction*, 173 Conn. App. 559, 568, 164 A.3d 849, cert. denied, 327 Conn. 906, 170 A.3d 1 (2017) ("Expanding the application of *Miller* to offenders eighteen years of age or older simply does not comport with existing eighth amendment jurisprudence pertaining to juvenile sentencing. The United States Supreme Court in *Miller* held 'that mandatory life without parole for those *under the age of* [*eighteen*] at the time of their crimes violates the [e]ighth [a]mendment's prohibition on cruel and unusual punishments.' *Miller* v. *Alabama*, [supra, 567 U.S. 465]." (Emphasis in original.)). The petitioner's claim under the Connecticut constitution, however, presents a novel question on which the appellate courts of this state have expressed no opinion.

[3] We are mindful that our Supreme Court has granted certification in connection with two of this court's decisions regarding the procedure for the habeas court to employ under Practice Book § 23-29 and that those appeals are currently pending in our Supreme Court. See *Boria* v. *Commissioner of Correction*, 186 Conn. App. 332, 199 A.3d 1127 (2018), cert. granted, 335 Conn. 901, 225 A.3d 685 (2020), and *Holliday* v. *Commissioner of Correction*, 184 Conn. App. 228, 194 A.3d 867 (2018), cert. granted, 335 Conn. 901, 225 A.3d 960 (2020). The certified question in both of those cases is as follows: "Did the Appellate Court properly uphold the habeas court's sua sponte dismissal of the petition for a writ of habeas corpus under Practice Book § 23-29 prior to the appointment of counsel for the self-represented petitioner and without providing the petitioner with notice and an opportunity to be heard?" *Boria* v. *Commissioner of Correction*, 335

Conn. 901, 225 A.3d 685 (2020); *Holliday* v. *Commissioner of Correction*, 335 Conn. 901, 225 A.3d 960 (2020).

———————————